# Farrish *v.* The State.

*Indictment for Grand Larceny.*

1. *Reasonable doubt; charge requiring explanation*—Although, in criminal cases, as a general proposition, "it is safer to acquit, in cases of doubt, than to convict;" yet a charge asked, asserting that proposition, is properly refused, because, without explanation, it is calculated to mislead the jury.

FROM the Circuit Court of Tuskaloosa.

Tried before the Hon. WM. S. MUDD.

The indictment in this case charged that the defendants, Martin Farrish and Dennis Ballard, "feloniously took and carried away two hogs, the personal property of James A. Duren, of the value of fifteen dollars; against the peace," &c. The defendant Farrish, being on trial alone, pleaded not guilty; and issue was joined on that plea. "On the trial," as the bill of exceptions states, "the testimony of several witnesses tended to show that said Farrish and Ballard

feloniously took and carried away two hogs, which were the property of James A. Duren, and were worth fifteen dollars; and that said transaction occurred in said county, in the spring of the year 1876. The evidence was circumstantial in its character, so far as it implicated the defendant Farrish, or tended to implicate him. This was all the evidence. The court charged the jury, and no exception was taken to its general charge. The defendant then requested the court, in writing, to charge the jury as follows: 'It is an established rule of the criminal law, that in cases of doubt it is safer to acquit than to convict.' The court refused to give this charge as asked, and the defendant excepted to its refusal."

H. M. Somerville, and S. A. M. Wood, for defendant, cited Burrill's Cr.Ev. 739, ed. 1868; 2 Hale's P. C. 289.

H. C. Tompkins, Attorney-General, for the State, cited *Coleman v. State*, 59 Ala. 52; *Bernstein v. Humes*, 60 Ala. 582.

STONE, J.—Elementary writers, in speaking of the measure of proof necessary to insure conviction in a criminal case, have frequently said, "in cases of doubt, it is safer to acquit than to convict or condemn."—Best on Ev., sections 49, 95, 440; 2 Hale's Pl. Cr. 289. This is but the complement of that other maxim, often quoted, and sometimes perverted, "that it is better that many guilty persons should escape, than that one innocent person should be made to suffer." Mr. Best, in his excellent treatise on Evidence, section 95, speaking of these maxims, says, they "are often perverted to justify the acquittal of persons, of whose guilt no reasonable doubt could exist." He adds: "There are other maxims which should not be forgotten: 'It is the interest of the commonwealth that malefactors do not go unpunished'; and, 'He threatens the innocent, who spares the guilty.'" The language we are criticising declares a safe and humane rule for the guidance of both courts and juries. Neither the law nor the exigencies of society demand or approve the punishment of the innocent, or of the doubtfully guilty. Doubts are resolved in favor of the accused. Juries should never convict, until the fact of guilt is made morally certain by the evidence. This is the mandate of the law, and is the birthright of both the English and the American citizen.

But, in trials on criminal accusations, it is not every species of doubt that calls for an acquittal. "A doubt which requires an acquittal, must be actual and substantial, not mere possibility, or speculation." It must be a reasonable

[Grimes v. The State.]

doubt; "that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of the jury in that condition, that they cannot say they have an abiding conviction, to a moral certainty, of the truth of the charge."—*Coleman's case*, 59 Ala. 52. There are degrees of doubt, as there are of most mental convictions. Moral certainty, excluding all reasonable doubts, is the measure of proof required in criminal cases.

The charge asked in this case was calculated to mislead. It did not discriminate between the degrees of doubt, nor define the doubt which would require or authorize an acquittal. In laying down a rule for the government of a jury, accuracy, clearness, and precision should be studied and sought after. It is never a reversible error to refuse a charge, the tendency of which, unexplained, is to mislead, or which, considered in connection with the evidence, requires explanation of one or more of its propositions to render it a safe and certain guide for the jury.—*Duvall & Pelham v. The State*, at the present term; *Bernstein v. Humes*, 60 Ala. 582; *Durr v. Jackson*, 59 Ala. 203; *Green v. The State, Ib.* 68; *Washington v. The State*, 58 Ala. 355; *Thrash v. Bennett*, 57 Ala. 156; *McWilliams v. Rodgers*, 56 Ala. 87. The charge asked and refused in this case correctly states, "in cases of doubt, it is safer to acquit than to convict." In failing, however, to define the character or degree of doubt which demands the acquittal, the proposition, as an instruction to the jury, is faulty.

The judgment is affirmed.