# CASES

## IN THE

# SUPREME COURT OF ALABAMA,

### DECEMBER TERM, 1882.

## Ming *v.* The State.

### *Indictment for Burglary.*

1. *Sufficiency of proof in criminal case.*—While the law requires that the guilt of the accused in criminal cases should be fully proved, that it should be established beyond a reasonable doubt, it does not require that each fact which may aid the jury in reaching the conclusion of guilt should be clearly proved; it is sufficient if, upon the whole evidence, the jury are able to pronounce that the defendant's guilt is proved to a moral certainty.

2. *When refusal to charge as requested free from error.*—An instruction to the jury, requested by a defendant in a criminal case, which is not framed in reference to the evidence, or which is wanting in clearness, certainty, or directness, may be refused.

3. *Same.*—The refusal by the primary court to give a charge requested by the defendant, in a criminal case, asserting that "nothing can be considered against the defendant, except that which clearly appears in the evidence," is free from error.

APPEAL from Pike Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

The appellant was indicted for burglary, and was tried and convicted. So far as disclosed by the bill of exceptions, there was no controversy on the trial in the court below, that the offense had been committed, but the controversy was as to whether the defendant was the guilty agent; the evidence for the State tending to show that he was, and that for the defendant tending to show that he was not. The only exception reserved was the refusal of the court to give the charge requested by the defendant, which is copied in the opinion.

WM. H. PARKS and W. D. ROBERTS, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

1

[Ming v. The State.]

BRICKELL, C. J.—The only error which is supposed to have been committed in this cause, is the refusal of the court below, on request of the defendant, to instruct the jury as follows: "That nothing can be considered against the defendant, except that which clearly appears in the evidence." The purpose of the instruction is not indicated, nor is its true meaning readily discoverable. In every case, civil or criminal, it is the duty of the jury to confine their deliberation to the facts in evidence and the inferences which may justly be drawn from them. Though it may not often be necessary to express this mere truism in instructing a jury, we can not say, if the instruction had clearly embodied it, there would not have been error in its refusal. As the instruction is expressed, the jury would more probably have understood it as affirming that, in reaching the conclusion of guilt, they must disregard every fact of which the evidence was not clear; in other words, every fact which was not plainly, fully proved, a proposition in itself erroneous. The law requires the guilt of the accused in criminal cases to be fully proved; that it shall be established beyond a reasonable doubt. It does not require that each fact which may aid the jury in reaching the conclusion of guilt, shall be clearly proved, but that, upon the whole evidence, the jury must be able to pronounce that guilt is proved to a moral certainty. The evidence as to particular facts may be weak and inconclusive, yet, the jury, because of the consistency of such facts with other facts of which the evidence is strong and convincing, may be fully satisfied of their existence. The evidence of their existence, which is direct, though weak and inconclusive in itself, is strengthened, because the facts themselves are consistent with the evidence which is not so infirm. There may be in the evidence tending to identify the accused as the guilty agent in the commission of crime, much of diversity in the testimony of witnesses who saw the crime committed, as to the age, size, dress. general appearance of the perpetrator of the crime, and as to the correspondence of the accused with the perpetrator as they describe him. If there were other facts or circumstances criminating the accused, the evidence touching his identity ought not to be excluded from the consideration of the jury, because it is in itself weak and inconclusive. If we assume the instruction was intended to assert that the jury could not consider any fact, of which the evidence directly touching its existence was not clear, its error is apparent.

But if this be not the true meaning of the instruction; if it was intended to affirm only, that if the jury were in doubt as to the evidence which had been introduced, they must not consider any fact of which they doubted whether evidence had or had not been given, it is not made clear that it had the slightest

application to the case.   There does not appear to have been any dispute, or room for dispute, as to the evidence which was before the jury, whatever may have been the controversy as to its tendencies, its weight or sufficiency.   Instructions to a jury ought not to deal in mere abstractions.   They ought to be framed in view of the evidence, and ought to be clear, direct, and certain.   An instruction requested, not framed in reference to the evidence, or which is wanting in clearness, certainty or directness, may be refused.

We find no error in the record, and the judgment must be affirmed.