# Hughes *v.* The State.

*Indictment for Arson.*

1.   *When objection to testimony not available on appeal.*—When objection is made to a question propounded to a witness, and is overruled by the court, but the record fails to show that any answer whatever was given to the question, the ruling of the primary court on the objection is not available on appeal.

2.   *Charge; when invasive of province of the jury.*—The weight to be given evidence is a question for the jury; and a charge which withdraws it from their consideration, is an invasion of their province.

3.   *Same; when argumentative.*—A charge asked, which asserts that

[Hughes v. The State.]

the "law-books are full of cases of mistaken identity," is argumentative, and, for that reason, is properly refused.

4. *Conviction of felony; personal presence at commission of offense, not necessary to.*—Under our statute abolishing the common law distinction between an accessory before the fact and a principal, and between principals in the first and second degrees, in cases of felony, etc. (Code, 1876, § 4802), it is not necessary to the conviction of a defendant indicted, with others, for arson in the first degree, that he should either have himself set fire to the house, or have personally "assisted" any other person in so doing.

APPEAL from Jackson Circuit Court.

Tried before Hon. H. C. SPEAKE.

At the fall term, 1883, of said court, George Hughes, Asbury Hughes, John W. Grayson and George Smith, defendants in the court below, were indicted for willfully setting fire to, and burning "the dwelling house of Henry Porter, in the night-time, in which said house there was, at the time, a human being, to-wit, Henry Porter, against the peace," etc.; and, at the next term thereafter, they were tried and convicted, and were sentenced, in accordance with the verdict of the jury, the said George Smith, Asbury Hughes and George Hughes to be hung, and the said John W. Grayson to imprisonment in the penitentiary for life.

The evidence introduced on behalf of the State clearly showed, and it was not controverted, that on the night of the 25th March, 1883, between the hours of eight and nine, the residence of Henry Porter was willfully set on fire, and by the fire soon thereafter destroyed; and tended strongly to show that the defendants were the guilty agents; their identity having been testified to by witnesses, and circumstances pointing to their guilt, not necessary to be here stated, having been shown. Miss Standish, a lady who resided at the Porter residence at the time of the fire, was examined as a witness on behalf of the State, and she testified to the circumstances attending the commission of the offense, and identified the defendants as the guilty parties. She testified, *inter alia*, that "she did not recognize George Hughes and Grayson until the house was on fire, when she saw them standing under an apple tree, about one hundred steps from the house." It was shown that three trunks, among other things, were removed from the burning house, in one of which was a phial of medicine belonging to one of the ladies residing at the house; that, during the fire, these trunks were carried off; and that about six weeks or two months after the fire, the phial of medicine was found at the house of one Mrs. McKinney, where the defendant Smith stayed, and whom, after the fire, he married; and information was there obtained which led to the recovery of one of the trunks. The State also examined one Bain for

[Hughes v. The State.]

the purpose of proving statements made by the defendant Grayson, and by others of the defendants, tending to connect them with the commission of the offense.

The defendants each set up an *alibi* in defense, and each introduced some evidence in support thereof. The defendant Grayson examined, among other witnesses, one S. H. Ingersoll, who testified that said defendant was with witness at Shellmound, Tennessee, about three miles distant from where the fire was, between the hours of half past seven and nine of the night of the fire; and that they first saw the light of the fire about half past eight o'clock. An exception was reserved on the admissibility of evidence, but the facts in reference thereto are given in the opinion.

The defendant Smith asked the court in writing to give the following charge: (1) "The fact that the phial of medicine in evidence found some weeks after the house-burning, at the house where Smith stayed, was the property of one of the inmates of the Porter residence, is a circumstance to be considered by the jury in determining the guilt or innocence of said defendant, but it is by no means conclusive of his guilt. Standing by itself, it is not sufficient to justify the jury in finding him guilty." The court refused this charge and said defendant excepted. The defendants asked the court in writing to give the following charge, which the court refused, and they excepted: (2) "The law-books are full of cases of mistaken identity and, in considering the evidence in this case as to the identity of either one of these defendants, as being present at the house-burning, and their participating in it, the jury must feel an abiding confidence and full faith, that the witnesses who have undertaken to identify these defendants, or either of them, are not mistaken in their testimony; and in this connection, the jury may look to the circumstances surrounding the witnesses at the time, to determine whether the witnesses were in a condition of mind to observe and note, with care and accuracy, the appearance of the parties about whom they have testified." The defendants Grayson and Asbury and George Hughes also separately excepted to the refusal of the court to give to the jury the following charges requested by each of them in writing:" (3) The jury will look to what S. H. Ingersoll said as to the time when Grayson left Shellmound, and to the time when Miss Standish said she saw him in the orchard, after the house was burned down, and if from this evidence they conclude that Grayson was not there when the house was set on fire, and did not help burn the house, then they will find the defendant not guilty." (4) "If the jury believe from the evidence, that Grayson was at Shellmound at 9 o'clock on Sunday night, March 25th, 1883, and after the Porter house was

3

[Hughes v. The State.]

on fire, and was there when the fire was discovered, then, unless the evidence shows that he, Grayson, between 10 and 11 o'clock, did some act in furtherance of the burning, they will find the defendant not guilty." (5) "If the jury believe from the evidence, that Grayson did not set fire to the house of Porter, or assist in setting fire to the house of Porter, then the jury will find the defendant not guilty." (6) "That to constitute arson, the person must, in the night-time, set fire to a house in which a person was at the time of setting such house on fire, or was, at the time, aiding and abetting others in setting the house on fire, *then* the jury will find the defendant Grayson not guilty." (7) "If the jury believe from the evidence, that the defendant Grayson made no confession, but that what was said to Bain was only restating what was said at the preliminary trial, then they will find the defendant Grayson not guilty."

Name of appellants' counsel not disclosed by the record.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The defendants were indicted, tried and convicted of the crime of arson in the first degree—a capital felony under the statutes of this State. The particular offense charged is the willfully setting fire to, or burning, in the night-time, the dwelling house of one Henry Porter, in which there was at the time a human being, to-wit, the said Henry Porter.

The bill of exceptions taken by the prisoners shows but a single exception to the introduction of evidence. On cross-examination of a witness for the State—one Fitch—the prisoners' counsel had asked him if Mr. Porter and Miss Standish, who were inmates of the house at the time of the burning, and who had testified to the identity of the prisoners, did not withhold the names of persons whom they suspected as the guilty parties, and whether they did not do this in witness' presence ; and this question had been answered in the affirmative.

On re-examination the court permitted the State to ask the witness " what *reason*, if any, did Mr. Porter and Miss Standish assign for withholding the names of the persons whom they suspected." An objection was interposed to this question by the defendants, but was overruled by the court.

The record fails to show that any answer whatever was made to this question, and this alone is a sufficient reason why no error can be predicated upon the mere asking of the question. *Roberts v. The State,* 68 Ala. 515 ; *Eagle, etc. Man'g Co. v. Gibson,* 62 Ala. 369 ; *Jackson v. Clopton,* 66 Ala. 29.

The answer, moreover, if made, may have been clearly rele-
VOL. LXXV.

[Hughes v. The State.]

vant. It may have disclosed the fact that the silence of the witnesses was induced by prudence arising from apprehension of harm, or from a desire to conceal the facts until proper warrants of arrest were made, securing the arrest of the suspected parties. In any aspect of the case, we see no error in the ruling of the court.

The first charge requested by the defendant Smith was an invasion of the province of the jury and was properly refused. Whether the evidence alluded to in the charge was conclusive of the defendants' guilt or not, was a question for the jury, and not for the court. This charge was also misleading, for the reason it seems to assume that the possession of the stolen property in question was the only evidence of guilt, whereas this evidence was corroborated by other circumstances of an inculpatory nature.

The second charge was misleading on the ground of its tendency to withdraw from the jury all criminative evidence except that touching the positive identity of the prisoners by the witnesses who swore to their recognition on the night of the alleged burning. The jury might have convicted on other testimony than that of positive identity, and hence, it was not requisite that they should feel " an abiding confidence and full faith " that the witnesses were not mistaken in the fact of such identification by personal recognition. This charge was also argumentative in asserting that " the law books are full of cases of mistaken identity "—a fact which was neither proved on the trial, nor was it permissible to be proved. The court did not err in its refusal.

The third, fourth and fifth charges requested by the defendants were erroneous in assuming that the defendant Grayson could not be convicted of complicity in the crime charged, unless he was personally present at the time of the burning of the house. He may have been absent from the place, at the time of the actual burning, and have still been guilty as a principal in the first degree.

It was not necessary to the conviction of either of the defendants that he should either have himself set fire to the house of Porter, or have personally " assisted " any other person in doing so. There is no distinction, under the statutes of this State, between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, the common law distinction in this particular being expressly abolished, and " all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid or abet in its commission, though not present," are authorized to be indicted, tried and punished as principals.—Code, 1876, §4802.

[The State v. Leach.]

The sixth charge asked by defendants and refused by the court was also erroneous in assuming that, to charge a defendant with the crime of arson, he must either himself have perpetrated the burning, or have aided and abetted others, *at the time*, in doing so. This is obviously incorrect, for an accessory before the fact, as we have seen, though not a chief actor in the offense, nor present at the time of its perpetration, is held to be as guilty as a principal.

The seventh charge requested by the defendants was properly refused for more than one sufficient reason. It was, in the first place, unsupported by any evidence, as far as concerns the hypothesis that Grayson's confessions made to the witness Bain were not confessions, but a mere restatement of what was said at the preliminary trial. It would, moreover, have been an invasion of the province of the jury to instruct them to acquit Grayson on the testimony connecting him with the crime charged, exclusive of his confessions.

We discover no error in the record, and the judgment of the court must, therefore, be affirmed as to each of the several defendants. It is accordingly ordered and adjudged that, on Friday, the first day of August, 1884, the sheriff of Jackson county execute the sentence of the law by hanging the said defendants, George Smith, Asbury Hughes and George Hughes, each by the neck until he is dead, in obedience to the judgment and sentence of said circuit court as herein affirmed.