# Garlick *v*. The State.

*Indictment for Carrying Concealed Weapons.*

1. *Charge as to legal maxim favoring escape of innocent.*—A charge asked, in a criminal case, instructing the jury, "that it is a maxim of the law, that it is better for ten guilty men to escape than that one innocent man should suffer," tends to mislead them, and is properly refused.

FROM the Circuit Court of Lee.

Tried before the Hon. H. D. CLAYTON.

[Garlick v. The State.]

The defendant in this case was indicted for carrying concealed weapons, and pleaded not guilty, on which plea issue was joined. On the trial, as the bill of exceptions shows, a witness for the prosecution testified, that the defendant, at a particular time and place mentioned, "carried a pistol concealed about his person." The defendant, testifying in his own behalf, admitted that he carried a pistol at the time and place mentioned, but denied that it was concealed from observation ; alleging that it was "in the upper pocket of his vest, two or three inches being exposed, and his coat being off." On this evidence, the defendant asked the court, in writing, to instruct the jury, " that it is one of the maxims of the law, that it is better for ten guilty men to escape than that one innocent man should suffer." The court refused this charge, and the defendant excepted.

O. KYLE, JR., for appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

STONE, C. J.—In charging juries, judges state the law, and they may state the evidence, when the same is disputed. It is their province, also, to state there is, or is not, testimony bearing on a given proposition ; but they are not permitted to determine the weight or sufficiency of parol testimony, except in a given class of cases, when the general charge may be given, referring the credibility of the testimony to the jury. 1 Brick. Dig. 335. The judge also construes documentary testimony, and, as a rule, determines its weight. With these exceptions, and, possibly a few others, the jury is the sole judge of the weight and sufficiency of testimony. The charge to the jury is, and generally should be, confined to the statement of rules of law, and should have reference to the case the testimony tends to establish. If the testimony be in conflict, having different tendencies, the charge should declare the rules of law applicable to each such tendency. In thus declaring rules of law, there is frequently a wide range of duties opened up, which it would be difficult to summarize. When the exigencies of the case seem to require it, it would clearly include a statement of the burden of proof, rules for weighing testimony, the varying rule as to the sufficiency of proof in civil and criminal cases, and the rule and measure of recovery or punishment, as the case may be. In fact, everything that is matter of law, it is the province and duty of the court to declare.

The charge asked and refused in this case, can scarcely be classed as a rule of law, although found in some of the law-

[Martin v. The State.]

books. It is rather to be viewed in the light of a caution to juries, not to indulge unwarrantable convictions of guilt, in the absence of that full measure of proof which dispels or overcomes all reasonable doubt. Moral certainty the law exacts as a condition of conviction, because it is better that many guilty persons escape, than that the innocent should suffer. It is the emphasis of that stern duty which demands moral certainty as the measure of proof, before the jury is authorized to render a verdict of guilty. Given in charge as a rule of law, the tendency is to mislead, and the Circuit Court did not err in refusing to charge as requested.—*Farrish v. The State,* 63 Ala. 164; *Mickle v. The State,* 27 Ala. 20; *Blackman v. The State,* 36 Ala. 295; *Coleman v. The State,* 59 Ala. 52; 1 Brick. Dig. 337, §§ 59, 60, 61; *Dorgan v. The State,* 72 Ala. 173; *Ming v. The State,* 73 Ala. 1; *Hughes v. The State,* 75 Ala. 31; *Childs v. The State,* 76 Ala. 93.

The judgment of the Circuit Court is affirmed.