# Kidd *v.* The State.

*Indictment for Larceny.*

1. *Local jurisdiction.*—When property is stolen in one county, and carried into another, the jurisdiction is, by statutory provision (Code, § 4639), as at common law, in either county.

2. *Election between robbery and larceny.*—As robbery includes larceny, the State may elect to prosecute for the minor offense only.

3. *Charge assuming fact not in evidence.*—A charge given, assuming as proved facts of which there was no evidence, as affirmatively shown by the bill of exceptions, is a reversible error.

4. *Charge as to doubt requiring acquittal.*—In a criminal case, only a reasonable doubt entitles the defendant to an acquittal; and a charge asked, asserting that "a doubt arising out of the evidence requires the jury to render a verdict of not guilty," is therefore properly refused.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The indictment in this case charged, in a single count, that Robert W. Kidd and Charles S. Gammell feloniously took and carried away, from the person of one Jim Jackson, sixteen silver dollars, currency of the United States. The defendants pleaded not guilty, but were convicted of petit larceny, and fined $100 each. On the trial, as the bill of exceptions states, said Jackson was introduced as a witness for the State, and testified that, on the 19th August, 1887, he came down on a freight train with the defendants, who were brakemen on the railroad, "from Birmingham to Montgomery," paying them fifty cents for his passage; "that somewhere on said road, between Birmingham and Calera, the defendants forcibly took from his possession sixteen dollars in silver; that the train came on through to Montgomery, stopping for a few moments only at intermediate stations, and that the defendants were not seen to dispose of the money in any way before arriving at Montgomery." The defendants moved the court to exclude this evidence from the jury, on the ground that the offense was not committed in Montgomery county, and the court had no jurisdiction of it; and they excepted to the overruling of their motion. The same question was afterwards raised by one of

[Kidd v. The State.]

the charges asked and refused, and an exception duly re-
served to the refusal,

"The State introduced two other witnesses, whose testi-
mony tended to establish the same facts described by said
Jackson. The defendants introduced evidence tending to
show that they did not know said Jackson, and did not take
his money, and did not come down on that train; and this
was, substantially, all the evidence in the case." On this
evidence, the court charged the jury, on request, as follows:
(2.) "In weighing the testimony, the jury are authorized,
and should consider, that the evidence of an *alibi*, set up
as a defense in this case, rests upon the testimony of the
defendants themselves, and of a brother of one of them;
and they may consider the interest which said witnesses have
in the result of the case; and if they do not believe said
testimony, and do believe the testimony on the part of the
State, they must convict the defendants." The defendants
excepted to this charge, and requested the following charge
in writing, with others: (2.) "The jury must be satisfied
by the evidence, beyond all reasonable doubt, that the de-
fendants brought the identical money, or a part thereof,
alleged to have been taken from Jackson, into the county of
Montgomery, before the defendants can be convicted; and a
doubt arising out of the evidence, requires the jury to render
a verdict of not guilty." The court refused this charge,
and the defendants excepted to its refusal.

THOS. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—1. It is objected that, under the
facts of this case, the City Court of Montgomery county
had no jurisdiction of the offense charged, which is that of
larceny. The reason assigned is, that the money alleged to
be stolen was taken from the possession of the owner by
defendants, if taken at all, outside of the county of Mont-
gomery, and was only brought into the latter county. If
these facts be true, under the provisions of section 4639 of
Code of 1876, which is but an affirmation of the common-
law rule on the subject, jurisdiction is in either county—the
one in which the felonious taking first occurred, or any county
into which the thief may have carried the stolen property.
*Smith v. State*, 55 Ala. 59; Code, 1876, § 4639.

2. The evidence tends to show that the taking was per-
petrated under such circumstances as to constitute a robbery.

[Watson v. The State.]

But, as every robbery includes a larceny, the State could elect to prosecute for the minor offense, and the *venue* of this offense was in either county.

. 3.   The second charge given at the request of the State, was unsustained by any evidence set out in the bill of exceptions, which purports to state all the evidence introduced on the trial.   The record contains no evidence tending .to show that the defendants themselves supported by their own testimony the defense of an *alibi*, as stated in the charge; nor that their brother testified in the case, as this instruction assumes to be true.   This renders the charge erroneous, and must operate to reverse the judgment.

3.   The last clause of the second charge requested by the defendants declares, in effect, that *any doubt* arising out of the evidence requires the jury to acquit.   It is only a *reasonable* doubt of a defendant's guilt which entitles him to. an acquittal—not a possible, speculative, or imaginary doubt, as implied by this charge, which for this reason was misleading.—*Farrish v. State*, 63 Ala. 164; *Coleman v. State*, 59 Ala. 52; *Humbree v. State*, 81 Ala. 67.

The other rulings of the court are free from error, the .remaining charges· requested by the defendants all being either misleading, or else objectionable as stating erroneous propositions· of law.   .

The judgment is reversed, and the cause remanded.   The defendants, in the mean while, will be retained in custody until. discharged ·by due process of law.