# Carden *v.* The State.

## *Indictment for Murder.*

1. *Pending prosecution as evidence.*—On a trial for murder, the prosecution having proved threats made by the defendant against the deceased, in connection with a charge of burglary and larceny preferred against the former, or growing out of it, the deceased being one of the two witnesses before the grand jury, and his name being so marked on the indictment; the indictment in that case is admissible as evidence for the prosecution, but the merits or particulars of the charge can not be inquired into.

2. *Flight of accused as evidence.*—The flight of the accused on the approach of an officer, a few days after the commission of the offense, is a criminative fact which may be proved against him; and his subsequent voluntary surrender, while it may weaken the force of the evidence, does not destroy its admissibility and relevancy.

3. *Impeaching witness by proof of former statements on oath.*—When the testimony of a witness, on a preliminary examination before a magistrate, having been reduced to writing and subscribed, is produced in court on the trial, he can not be questioned as to detached portions of it, without showing or reading to him the entire testimony.

4. *Charge as to policy of law favoring escape of innocent.*—A charge requested in a criminal case, instructing the jury "that the punishment of an innocent person is regarded a greater evil than the acquittal of one guilty; that it is the policy of the law that, in cases of doubt, it is safer to err in acquitting than in convicting, and that it is better many guilty persons shall escape than that one innocent person should suffer," is properly refused.

27

[Carden v. The State.]

APPEAL from Russell Circuit Court.

Tried before the Hon. J. M. CARMICHAEL.

The facts of this case, and the legal questions passed on by the court, sufficiently appear in the opinion, with possibly one exception. One Elbert Cooper had been tried preliminarily for the murder of Reuben Sanders. On that preliminary trial, Will Sanders, a witness for the State in this trial, had been examined and his testimony taken down by the magistrate, as required by section 4286 of the Code of 1886. Defendant attempted to discredit this witness by showing discrepancies between his testimony as then taken down, and as given on this trial, by reading to him detached portions of his former testimony and asking him if he did not so testify.

LYMAN W. MARTIN, and JOHN V. SMITH, for appellant. 1. The testimony of Delia Cooper was irrelevant to the issue of this trial, and should have been excluded. 2. The testimony of the deputy sheriff, Bishop, should have been excluded.

THOS. N. McCLELLAN, Attorney-General, contra.—1. The exception to the admission of the indictment for burglary in evidence is not well taken.—55 Ala. 25; 60 Ala. 1; 67 Ala. 55. On the same principle, the testimony of Delia Cooper was admissible. 2. The court properly refused to allow the attempted mode of impeachment of the witness Will Sanders.—74 Ala. 21. 3. The court properly admitted the evidence of the deputy sheriff.—71 Ala. 17; 47 Ala. 573; 74 Ala. 532; 58 Ala. 335. The court properly refused the third charge requested by defendant; it was argumentative and misleading.—55 Ala. 253; 63 Ala. 164.

SOMERVILLE, J.—The appellant was indicted for the murder of Reuben Sanders, jointly with one Joe Carden, who was acquitted on the trial. The only questions raised for consideration are alleged errors in the rulings of the court, as shown by the bill of exceptions.

1. The evidence tends to show that the appellant entered the house of the deceased, through the aperture in the chimney, and killed him by striking him with an iron crow-bar. To prove motive for the killing, in connection with sundry threats previously made, the State introduced in evidence an indictment found by the grand jury of Russell county, against

both of the defendants, for breaking and entering the house of the deceased with intent to steal. The name of the deceased was written on this indictment as one of the only two witnesses for the State, and there was evidence tending to show a threat on the part of the appellant against deceased in reference to the charge of stealing certain money from him involved in this pending indictment, and also a like threat for having appeared as a witness before the grand jury in connection with the finding of this indictment.

Under these circumstances the indictment itself was clearly admissible in evidence to prove a motive on appellant's part for the killing, namely, the removing of a material witness in the burglary prosecution against him. It tended also to show malice against the deceased as the supposed prosecutor. The Circuit Court did not err in admitting this evidence. *Marler v. State,* 67 Ala. 55; s. c., 68 Ala. 580; *Childs v. State,* 55 Ala. 25.

2. It was not competent, however, for the State to enter into an investigation as to the guilt or innocence of the defendant of the *charge of burglary, or larceny* involved in that indictment. The merits of that prosecution could not be entered into on this trial. If it could be; there would virtually be a trial of two separate felonies charged against the same defendant, progressing simultaneously on their merits, and on distinct indictments; for if the State were permitted to prove the guilt of the defendant under the burglary indictment, it would be competent for the defendant to rebut this evidence by proof of the contrary, showing his innocence. This would, in every essential, be a trial for another felony other than murder, which is alone involved in the indictment under which the defendant is charged in the present case. This would not only multiply issues indefinitely, as any number of similar collateral indictments might be injected into a pending prosecution, but it would operate greatly to prejudice defendants so as to render a perfectly fair trial of them, in many instances, impracticable, if not quite impossible.—*Commander v. State,* 60 Ala. 1; *Marler's case, supra; Stewart v. State,* 78 Ala. 436; *McAnally v. State,* 74 Ala. 9; *Garrett v. State,* 76 Ala. 18; Wharton's Crim. Ev. (8th Ed.), § 784; 1 Greenl. Ev. (14th Ed.), § 53, *note (b).*

Under this principle, the circuit court, in our judgment, erred in admitting the statement of the witness Delia Cooper as to the defendant's being seen in possession of a large

amount of money, soon after the commission of the alleged burglarious entry of the house of the deceased, when the evidence tends to show an amount of money was stolen from deceased, with the larceny of which he had accused the defendant in his hearing. The tendency of this evidence was to prove the fact of the burglary, which was at a different time from that of the alleged murder. It otherwise had no bearing on the present case, and was irrelevant as an attempt to enter upon the merits of the burglary case.

3. The effort to impeach the witness Sanders, by reading to him garbled extracts from his testimony taken before the magistrate, on the trial of Elbert Cooper, was not permissible. This testimony had been reduced to writing by the magistrate and subscribed by the witness, as required by the statute, and it was not proper to read these detached portions of the writing to him as a basis of impeachment, without exhibiting or reading to him his entire testimony. There was no error in the action of the court on this subject. *Wills v. State*, 74 Ala. 21; *Gunter's case*, 83 Ala. 96.

4. " The flight of a defendant," as said in *Sylvester's case*, 71 Ala. 18, " may or may not be considered as a circumstance tending to prove guilt, as this depends upon whether the motive of such flight had its origin in the consciousness of guilt, and a pending apprehension of being brought to justice; or whether, on the other hand, it can be explained as attributable to other and more innocent motives." The testimony of the deputy sheriff was properly admitted as to the defendant's flight on the approach of the witness, several days subsequent to the murderous assault made on the deceased, and of the pursuit of the fugitive by the deputy. The effect of this testimony, as a criminative fact, may have been weakened, but its relevancy was not destroyed by the prisoner's subsequent, and apparently voluntary surrender.

5. The third charge requested by the defendant asserted that " the punishment of an innocent person is regarded as a greater evil than the acquittal of one guilty, and the policy of the law is that in cases of doubt it is safer to err in acquitting than in convicting; and that it is better that many guilty persons shall escape than that one innocent person should be made to suffer." The several comparisons instituted in this mere argumentative charge have been several times passed on by this court, and have been repudiated as misleading in their nature when attempted to be formulated

as instructions by a court to a jury. There was no error in refusing this instruction.— *Ward v. State*, 78 Ala. 442; *Garlick v. State*, 79 Ala. 265; *Farrish v. State*, 63 Ala. 164; *Kidd v. State*, 83 Ala. 58.

We discover no error in any of the charges given at the instance of the State.

For the one error above pointed out, the judgment of conviction must be reversed, and the cause will be remanded for a new trial. In the meanwhile the prisoner will be held in custody until discharged by due course of law.

Reversed and remanded.