# Perry *v.* The State.

### *Indictment for Murder.*

1. *Former testimony of absent witness.*—The testimony of a witness on a former trial of the defendant, or on his preliminary examination by a committing magistrate, is admissible as evidence against him on the trial, on proof that the witness is beyond the jurisdiction of the court, being either permanently or indefinitely absent.

2. *To what witness may testify.*—A witness who, as a member of the coroner's jury, had seen the dead body of the child alleged to have been murdered, may testify that its neck, which was broken, "looked like it had been struck with a hot iron, and looked scarred."

3. *Charge as to reasonable doubt.*—A charge asked in a criminal case, asserting that "the probability of reasonably accounting for the death of the deceased by accident, or by any other cause than the unlawful act of the defendant, must be excluded by the circumstances proved; and it is only when no other hypothesis will explain all the conditions of the case, and account for all the facts, that it can be safely and justly concluded that it was caused by him,"—is properly refused.

4. *Same; charge tending to mislead.*—A charge requested, asserting that "it is the safer and better practice for the jury to acquit a guilty person, rather than run the risk of convicting an innocent one," is properly refused, as tending to mislead.

5. *Charge as to argument of counsel.*—A charge instructing the jury that "the suggestions of counsel in their argument, founded on the evidence, may give rise to such a reasonable doubt as will justify the jury in acquitting the defendant," being merely argumentative, and tending to mislead, is properly refused.

6. *Insanity as defense; charges as to, when abstract.*—Charges as to the defense of insanity in criminal cases are properly refused, without regard to their correctness as abstract legal propositions, when there is no evidence in the case showing any form of mania, or mental incapacity, to a degree which confers irresponsibility for crime.

[Perry v. The State.]

7. *Same; how pleaded; ex post facto laws.*—By statutory provision, insanity as a defense in criminal cases must be specially pleaded, and is not available under the plea of not guilty generally (Sess. Acts 1888-9, pp. 742-6); and this statute, relating only to the mode of procedure, applies to all cases tried since its passage, although the offense was committed before that date.

FROM the City Court of Mobile.

Tried before Hon. O. J. SEMMES.

The defendant in this case, Caroline Perry, a negro woman, was indicted for the murder of her daughter Mary, a child between ten and twelve years of age; was convicted of murder in the second degree, and sentenced to the penitentiary for the term of ten years. The defendant was blind, and was usually led about by the child. The child was killed one morning in June, 1888; and an examination of its body before the coroner's jury showed that its neck was broken, and it was badly bruised and beaten. The defendant, testifying as a witness on the trial, denied that she killed the child, or that she beat or injured it in any way; and the evidence against her was entirely circumstantial. No one was in the house at the time except the defendant and the child. Her statement to the jury was, that while she was sitting in the door and talking to the child, "she heard it hiccough, and fall to the floor, called it, but it did not answer; got up and felt around, and found the child lying on the floor; picked it up, and found it cold, but its heart was still beating; called Charlotte Patterson [her sister, who lived on the same lot] to come and see what was the matter;" and that she afterwards washed and dressed the child for burial, "because nobody else came." Two women in the neighborhood, who came in on hearing of the death of child, found it dressed for burial; and they testified that the defendant objected to having it undressed.

Charlotte Patterson was examined as a witness on the preliminary examination of the defendant before a justice of the peace, but she was not present at the trial; and it was shown that she "was out of the State, and beyond the jurisdiction of the court;" the magistrate further testifying, "that she told him she was going to leave, for fear the defendant would charge her with having killed the child." Her testimony, as detailed by the magistrate, was: "I was going out of the yard gate to pick blackberries, and met the child. She was, to all appearances, well and hearty. When I returned, about one hour afterwards, I found the defendant in the house with the child. It was dead, and she said it had

[Perry v. The State.]

fallen in a fit, she believed, and she thought it was dead."
The defendant objected and excepted to the admission of this
evidence. W. Forbes, a witness for the prosecution, who
was a member of the coroner's jury, thus testified: "The
child was badly bruised all over, as if beaten, and its neck
was broken. The child's neck looked like it had been struck
with a hot iron, and looked scarred." The bill of exceptions
then proceeds: "The defendant objected to this portion of
said witness' testimony, because it was the expression of an
opinion, and was not competent evidence;" and an exeception
was reserved to the overruling of the objection.

It was proved on the part of the defendant, that she was
subject to epileptic fits; that she "talked and acted foolish"
after these fits, and sometimes just before a fit came on; that
she had a fit on the evening of the day of the child's death,
and two on the next day; but there was no evidence that she
had a fit on the morning the child was killed, and she her-
self testified that she had none. Two physicians testified as
to the different kinds of epilepsy, and the effects of each. ·

The defendant requested seven charges to the jury, and
duly excepted to the refusal of each. The first charge was
in these words: "The probability of reasonably accounting
for the death of the deceased by accident, or by any other
cause than that of the unlawful act of the defendant, must
be excluded by the circumstances proved; and it is only when
no other hypothesis will explain all the conditions of the
case, and account for all the facts, that it can be safely and
justly concluded it was caused by the defendant." The
second, third, fourth and fifth charges, each related to the
defense of insanity, and, under the decision of this court,
require no notice. The other charges were: (6.) "The
suggestions of counsel in their argument to the jury, founded
on the evidence in the case, may give rise to such a reason-
able doubt as will justify the jury in acquitting the defend-
ant." (7.) "It is the safer and better course for the jury to
acquit a guilty person, rather than run the risk of convicting
an innocent one."

SAM. B. BROWNE, and A. ANDERSON, for appellant.

W. L. MARTIN, Attorney-General, for the State.

SOMERVILLE, J.—1. The witness Charlotte Patter-
son was shown to have been out of the State, and beyond

[Perry v. The State.]

the jurisdiction of the court at the time of the trial, being either permanently or indefinitely absent. This was sufficient reason to authorize the introduction of secondary evidence of what this witness had previously deposed to, on the preliminary investigation of the same case before a committing magistrate. In *Lowe v. State*, 86 Ala. 47, we held this principle to be applicable as well to criminal as to civil cases; and this rule has been since re-affirmed in *South v. The State*, decided at the present term; 6 So. Rep. 52.

2. The statement of the witness Forbes, who was one of the coroner's jury, and had investigated the cause of the death of the deceased child, was to the effect that "it was badly bruised all over, as if beaten, and its neck was broken." "The child's neck," the witness said, *"looked like it had been struck with a hot iron, and looked scarred."* Construing the exception taken to apply only to the latter part of this witness' testimony, we think it free from the objection that it was the expression of a mere opinion, and not the statement of a fact. The resemblance of things—or their likeness, similitude, or similarity—is ordinarily rather a conclusion of fact than of opinion; and it is common for witnesses to be permitted to depose to it as an element of description, if not impracticable for the man of average intelligence to express himself. The similarity testified to in this instance is one of common knowledge, and involved nothing requiring skillful comparison by an expert physioligist. There was no error in admitting this testimony.

3. It is not *any doubt*, arising out of the evidence, which authorizes a jury to acquit on trial for crime, but only a *reasonable* doubt of such guilt, generated by the evidence in the cause—not a possible, speculative, or imaginary doubt. *Kidd v. State*, 83 Ala. 58. So, an acquittal should follow, if the killing, or other act charged as a crime, be satisfactorily accounted for on any other *reasonable* hypothesis than the guilt of the accused. If the hypothesis suggested, which in the present case was accidental injury, be unreasonable, or otherwise not authorized by the evidence, it would afford no ground upon which the accused could claim an inference of innocence justifying her acquittal. The first charge requested by the defendant was, under this principle, properly refused.

4. The seventh charge, asserting that "it is the safer and better course for a jury to acquit a guilty person, rather than run the risk of convicting an innocent one," announced no

proposition of law, but was a mere comparison of abstract justice, which tended to mislead the jury.—*Garlick v. The State*, 79 Ala. 265; *Ward v. The State*, 78 Ala. 442; *Farrish v. The State*, 63 Ala. 164.

5. The sixth charge is susceptible of the construction, that the jury would be authorized to consider the suggestions of counsel made in the progress of the argument, either as in the nature of evidence, or as correct expositions of law, that might legitimately affect their verdict. While all proper weight should be given to such suggestions, when founded on the evidence, in enabling the jury to properly understand the facts of the case, and to throw light on the issues in dispute, the guilt or innocence of the party charged is to be determined, not by the strength or logic of the arguments, but on the force and weight of the facts. The charge in question is not only misleading, but it is merely argumentative, and for these reasons was properly refused.

6. All the other charges relate to the alleged insanity of the defendant, and are based upon that portion of the evidence which tends to prove that the defendant was subject to periodic attacks of epileptic fits. Probably the refusal of these charges could be justified upon the ground, that there is no evidence tending to prove that the defendant was afflicted with any epileptic manifestations on the day of the killing, or that the killing was the product or outgrowth of the alleged disease, or in fact of any form of mania, or mental incapacity, to a degree which confers irresponsibility for crime.—*Gunter v. State*, 83 Ala. 101; *Parsons v. The State*, 81 Ala. 597; 60 Amer. Rep. 193. The only testimony bearing on this point is that of the defendant herself, and she testifies to a state of facts entirely rebutting such a conclusion.

7. But we prefer to rest our ruling as to these charges on another ground. This case was tried on March 25th, 1889, and the evidence in reference to the defendant's state of mind was in support of the defense of insanity, which seems to have been introduced under the plea of not guilty. At that time, the act of February 27th, 1889, was in force, entitled "An act in relation to criminal insane persons, who are charged by indictment with murder and other high crimes."—Acts 1888–89, pp. 742-746. It is provided in section four of that act, that in prosecutions for murder, rape, robbery, or burglary, or any grade of these crimes, "where the defense of insanity is set up, *it shall be inter-*

[Perry v. The State.]

posed by special plea at the time of his [the defendant's] arraignment, which in substance shall be 'not guilty by reason of insanity;' which plea shall be entered of record upon the docket of the trial court. Such plea shall not preclude the usual plea of the *general issue, which shall not, however, put in issue the question of irresponsibility of the accused by reason of his alleged insanity, this question being triable only under the special plea.*" The act further requires that the jury shall return a *special verdict* on the question of the defendant's sanity *vel non.*—Acts 1888–89, p. 744, §§ 5 and 6.

The purpose of the act is plainly to require the defense of insanity to be tried only under a special plea, to require this plea to be interposed at the time of arraignment, and to require a special verdict on this issue. This defense can not now be introduced under the plea of "not guilty," as it formerly could be.

It being made to appear from the record that no special plea of insanity was interposed in the court below, the question of insanity *vel non* was not an issue properly before the court or jury. The court could, without error, have ruled out all the evidence bearing on the subject of the defendant's alleged insanity. There was consequently no error in refusing any or all of the charges seeking to raise this question.

8. The law under consideration is one governing only the mode of procedure in criminal cases, and the custody of the prisoner *ad interim* during the pendency of the prosecution. It works no injustice to the defendant, and deprives him of no substantial right which he would otherwise have. It is not, therefore, objectionable as an *ex post facto,* when applied, as in the present case, to a crime already committed at the time of its enactment, any more than a statute authorizing indictments to be amended, or conferring additional challenges on the government, or authorizing a change of venue, or other like statutes regulating the mode of judicial or forensic proceeding in a cause.—Cooley on Const. Lim. (5th Ed.) 329–330.

We find the record free from error of any kind, and the judgment is affirmed.