# Little *v.* The State.

*Prosecution for Assault and Battery.*

1. *Variance between affidavit, warrant of arrest, and complaint*--Where the warrant of arrest is founded on an affidavit which charges that the defendant, on a specified day, committed an assault and battery with an axe on the prosecutor, and commands his arrest " to answer the State of Alabama of a charge of assault and battery with an axe, committed in said county within the past twelve months," not naming the prosecutor; while the complaint, filed in the Circuit Court on appeal, states the name of the prosecutor as in the affidavit, and alleges the time generally as in the warrant of arrest, there is no variance, or material discrepancy, of which the defendant can take advantange by motion to strike from the files.

2. *Charge as to reasonable doubt.*--A charge which instructs the jury, " that the doubt which requires an acquittal, must be actual and substantial, not mere possibility or speculation; it is not a mere possible doubt, because every thing relating to human affairs, and depending upon moral evidence, is open to some possible or imaginary doubt," asserts a correct proposition.

3. *Charge invading province of jury.*—When the evidence as to a

material fact is conflicting, presenting two different aspects, it is for the jury to decide which they will believe; and a charge requested, which assumes the fact as proved, is properly refused.

4. *Charge as to sufficiency of evidence in excluding other hypotheses.* The law does not require that the evidence, to justify a conviction, shall exclude every other hypothesis than that of guilt, but only every other reasonable hypothesis; and a charge requested which claims an acquittal, unless the jury are convinced "to the exclusion of every other hypothesis" than that of guilt, is properly refused.

5. *Argumentative charges* are properly refused; as, that mere discrepancies on immaterial points, when the witnesses are under the rule, tend rather to show the truth than the falsity of their testimony; or, that the jury "may look to" a named fact, or "may consider" it, as shedding light on a material question.

FROM the Circuit Court of Butler.

Tried before the Hon. JOHN P. HUBBARD.

This prosecution was commenced by an affidavit made by Stuart Harris, on the 29th August, 1889, before the judge of the County Court, charging that "Henry Little assaulted and beat affiant with an axe, on the 27th day of August, 1889." A warrant was thereupon issued for the arrest of the defendant, "to answer the State of Alabama of a charge of assault and battery with an axe, committed in said county within the past twelve months." On appeal to the Circuit Court, the solicitor filed a complaint, or statement, as follows: "Now comes the solicitor, who prosecutes for the State, and says that Henry Little, within twelve months before the commencement of this prosecution, and in this county, assaulted and beat Stuart Harris with an axe; against the peace," &c. The defendant moved to strike this complaint from the files, on account of a supposed variance between it and the warrant of arrest in the statement of the prosecutor's name; and also on account of a variance between it and the affidavit in the statement of the time. The court overruled the motion, and defendant excepted.

The bill of exceptions, which is copied in the transcript in type-writing, thus states the evidence: "The evidence for the State was in substance as follows: That on, to-wit, the 27th August, 1889, in said county, Stuart Harris went to the house of Isam Little, who was defendant's father, and attempted to make his step-daughter, Abbie Crum, go home with him, she having gone there against the orders of himself and her mother; that the girl refused to go, and Harris attempted to make her; that the defendant became angry because Harris was taking the girl away, and ordered Harris to let her alone; that Harris refused to do so, and defendant thereupon struck him on the head with an axe, striking

him with the edge, and afterwards beat him with a rail; that Harris did not strike defendant with anything, but was knocked senseless, and, when he came to, went off without harming any one. The girl was living with her mother and step-father, and he went for her according to the directions of her mother. The evidence for the defendant was in sub-stance as follows: That Stuart Harris had driven Abbie, his step-daughter, from his house on the day of the diffi-culty, and she had gone to said Isam Little, who was her relative, and asked him to let her stay all night at his house; that Isam granted her request, and she remained at the house until some time after dark, when Stuart Harris came into Isam's yard, and called to her to go back home with him; that she refused to go, and Stuart went into the house, took hold of her, attempted to make her go, beat her with a doubled plow-line, and otherwise handled her roughly; that Isam then interfered, asked Stuart to quit beating the girl, and told him he must get her off his premises if he would beat her; that Stuart addressed Isam angrily, and asked if he wanted to take it up; that Isam said he was not mad, but he wanted Stuart to stop that fuss on his premises; that Stuart then carried the girl out in the yard, threw her down, and commenced to beat her again, when defendant said to him, 'Pa told you not to beat cousin Abbie here in his yard, and to take her out of our yard if you want to beat her;' that Stuart thereupon approached defendant angrily, saying, 'What in the devil have you got to do with it?'' and assaulted defendant, pressing him back against the house, and choking him; that Isam then came out of the house, pulled Stuart off, and asked Stuart to go off and stop fussing in his yard; that Stuart then struck Isam with a stick, and had drawn it back to strike him again, when defendant struck Stuart on the head with a large stick, about four feet long, knocking him down. This ended the fight. This was the only blow struck Stuart by defendant, and he did not strike him with an axe. The venue and time were proved, and this was all the evidence in the case.''

The court charged the jury, on request of the solicitor, as follows: ''The doubt which requires an acquittal, must be actual and substantial, not mere possibility or speculation; it is not a mere possible doubt, because everything relating to human affairs, and depending upon moral evidence, is open to some possible or imaginary doubt.'' The defendant excepted to this charge, and also to the refusal of the follow-

[Little v. The State.]

ing charges, which were asked by him in writing: (1.) "That Stuart Harris was a trespasser on the premises of Isam Little, defendant's father, and Isam had a right to order him off his place; and if Stuart, when defendant asked him to go out of his father's yard, became angry, and attacked defendant, then defendant would have a right to defend himself; or, if his father was attacked, he would have a right to strike in defense of his father, provided he used no more force than was necessary." (2.) "Unless you are convinced beyond all reasonable [ ? ] and to the exclusion of every other hypothesis that defendant struck with an axe, your verdict should find defendant not guilty." (3.) "Where witnesses are under the rule, mere discrepancies on immaterial points go rather to show the truth of their testimony than its falsity." (4.) "The jury have a right to look at the affidavit, which shows that the offense was committed on August, 27th, and that Harris came to town and swore out the affidavit on the 29th, as throwing light on whether or not they believe Harris was struck with an axe."

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—There was no merit in the defendant's motion to strike the statement of the cause of complaint filed by the solicitor, from the file. The statute prescribing the form of the complaint (Code, § 4231) was strictly complied with; and the statement filed involved no variance from, or repugnancy to the cause of complaint as set forth in the affidavit, upon which defendant was tried in the County Court.

2. The definition of a reasonable doubt, which authorizes and requires an acquittal, given in the charge requested by the State, is in harmony with the rule on that subject which is fully established by the adjudications of this court.—*Farrish v. State*, 63 Ala. 164; *Coleman v. State*, 59 Ala. 52; *Humbree v. State*, 81 Ala. 67; *Kidd v. State*, 83 Ala. 58; *Perry v. State*, 87 Ala. 30.

3. A trespasser is defined to be one who does an unlawful act, or a lawful act in an unlawful manner, to the injury of the person or property of another. According to one phase of the evidence, the party assaulted went lawfully upon the premises of the defendant's father, for a lawful purpose, and was guilty of no wrongful or unlawful act while he remained there. If it be conceded that, on another phase of the testi-

mony, the conduct of the prosecutor had, at the time of the difficulty, rendered himself a trespasser; yet it was for the jury to pass upon these divergent aspects of the evidence, and reach their own conclusion as to whether the prosecutor was a trespasser, if, indeed, that were a material fact in the case. The first charge requested by the defendant, involved the determination of this issue of fact by the court, instead of the jury; and for that reason, if not for others, was properly refused.

4. The second instruction requested by the defendant is in the following language: "Unless you are convinced beyond all reasonable and to the exclusion of every other hypothesis, that defendant struck with an axe, your verdict should find defendant not guilty." The confusion of this charge, resulting from the omission of the word *doubt* from its first clause, was a sufficient reason for its refusal. Another justification of the court's action upon it is found in the absence of any qualification of other hypotheses which must be excluded. It is not the law, that the evidence must exclude every other hypothesis than that of defendant's guilt, or than the existence of the facts essential to conviction. The rule goes no further than to the exclusion of other reasonable—not speculative, imaginary, possible, hypotheses.—*Perry v. State*, 87 Ala. 30; *Blackburn v. State*, 86 Ala. 595.

5. Defendant's third and fourth charges were properly refused. They were arguments, which this court has many times held are not proper to be given in charge to the jury, though the giving of such instructions would not involve reversible error.— *Hawes v. State*, 88 Ala. 39; *Rains v. State*, *Ib*. 91; *Riley v. State*, *Ib*. 193; *Carrington v. L. & N. R. R. Co.*, *Ib*. 472.

We find no error in the record, and the judgment of the Circuit Court is affirmed.