# THE STATE v. MURPHY.

1. In an indictment for feloniously receiving stolen goods, knowing the same to have been stolen, it is not necessary to allege the name of the thief; whether

known or unknown; whether he was prosecuted or not; or to state the place where the larceny was committed.

2. An indictment which charges the felonious receiving of " sundry pieces of silver coin made current by law, usage and custom within the State of Alabama, amounting together to the sum of five hundred and thirty dollars and fifteen cents," does not describe the money with sufficient precision; but the number and denomination of the coin should be stated. Yet the proof need not be as full and precise as the allegation, but the accused may be convicted if he is shown to be guilty in respect to either one of the coins alleged to have been feloniously received.

3. Where a statute makes it an offence to " buy, receive, conceal or aid in the concealment of" stolen goods, &c., it prescribes four distinct offences, and the disjunctive " or" applies to each of the three verbs which precede, as well as to what follows; but an indictment which employs the terms " receive and conceal" in characterizing the offence, is good.

4. An allegation that stolen goods were feloniously received " with intent to defraud the owner," is sufficient, and refers directly to the individual whose name had been before mentioned as the owner.

5. The evidence against one charged with an offence against the law, should be so convincing as to lead to the conclusion that the accused cannot be guiltless. If after subjecting the proof of guilt to the test of reason, there is still a doubt as to his guilt, it is the duty of the jury to acquit.

On points referred by the Circuit Court of Mobile.

The indictment charges that the defendant on the seventeenth of February, 1844, at, &c. "sundry pieces of silver coin, made current by law, usage and custom, within the State of Alabama, amounting together to the sum of five hundred and thirty dollars and fifteen cents, and of the value of five hundred and thirty dollars and fifteen cents, of the monies, goods and chattels of Thomas A. Morgan, before then feloniously stolen, taken and carried away, then and there feloniously did receive and conceal, knowing the same to have been feloniously stolen, taken, and carried away, and with intent to defraud the owner, contrary to the form of the statute, &c." To this indictment the defendant demurred, and his demurrer being overruled, he pleaded *not guilty*, and the cause was submitted to a jury who returned a verdict of guilty, and the defendant was sentenced to imprisonment for five years in the penitentiary.

On the trial, the defendant excepted to the ruling of the court. From the bill of exceptions it appears that the court charged the

jury: 1. That it was not necessary that the place where the larcery was committed, should be stated in the indictment; nor was the name of the thief, his indictment, trial or conviction necessary to be alleged, although he may have been known to the prosecutor before the indictment in the present case was found; nor was it necessary that any thing should be stated touching such prosecution, or any excuse for its omission, or that the defendant knew who was the owner of the goods in question: 2. That the rule contended for by the defendant's counsel, viz: "If the jury entertained a reasonable doubt of the guilt of the defendant, they ought to acquit him," did not apply except in trials for capital offences. But in cases like the present, they ought to weigh the evidence, and as it preponderated, find their verdict. If there were doubts of such a character as to produce a balance in their minds, then, evidence of good character ought to turn the scale in favor of the defendant.

The defendant after conviction, moved in arrest of judgment, that the indictment was defective for several reasons which he particularized; this motion being overruled, the court referred the several legal questions arising thereupon as well as those presented by the bill of exceptions, to this court as novel and difficult.

P. Phillips, for the defendant—made the following points: 1. That the offence charged in the indictment was a misdemeanor at common law, and still remained such, notwithstanding the punishment had been increased by statute; this being the case, the name of the principal thief, his prosecution, &c. should have been alleged, or if his name was unknown, or there was some other excuse for the failure to proceed against him, it should be stated. [Foster's Cro. L. 373; 2 Russell on Crimes, 242; 2 East's Cro. L. 745–8, 780; 3 Chit. Crim. L. 958; 3 Camp. Rep. 264; 2 Mass. Rep. 126; 16 id. 423; Clay's Dig. 425, 439, 440; Aik. Dig. 103.]

2. The indictment does not describe the money with sufficient particularity, viz: How many pieces of coin, the value of each, &c. [Russell & R. Cro. Cases, 482; 2 Russell on Crimes, 185–6; 1 Chit. Crim. L. 235; 3 id. 946; 2 Hale's P. C. 182; 3 M. & S. Rep. 548; 4 Serg't & R. Rep. 194.]

3. The indictment does not conform to the statute—"Buy, re-

ceive, conceal," are the words in which the latter describes the offence, while the charge is, that the defendant did "receive and conceal." [6 Bac. Ab. 390; 1 Plowd. 17; 4 Com. Dig. 687; 1 Stark. Crim. Plead. 200; 2 Hill's So. Caro. Rep. 459.]

4. Instead of alleging that the intent was to defraud the owner, generally, the indictment should have mentioned him *eo nomine.* [Arch. Crim. Plead. 340; 2 East's Cro. L. 988.]

5. The charge, that the rule entitling the accused to his discharge in the case of reasonable doubt, applies only to cases capitally punished, is clearly erroneous; and the error is not cured by the charge that follows.

The Attorney General, for the State—insisted, 1. There was no necessity for stating in an indictment against the receiver of stolen goods, the time when the larceny was committed, or by whom, &c. [2 East's Cro. L. 780; 3 Chit. Crim. L. 958; Arch. Crim. Plead. 233; 1 Eng. Cro. Cases, 371; 21 Wend. Rep. 86.]

2. The indictment need not have alleged that the defendant knew the goods were the property of T. A. Morgan; the feloneous reception, &c. of stolen goods, is an offence distinct from the larceny, and is well charged. [2 East's Cro. L. 780; 21 Wend. Rep. 86; Clay's Dig. 425.]

3. Money is specifically named in the statute—the proof of any particular amount is not at all indispensable to a conviction; for if the indictment stated that five hundred pieces were received, the proof of a single piece would warrant a verdict of guilty. [2 Wheeler's Crim. Cases, 511; Com. Dig. Indictment, (G. 5;) 3 Maule & S. Rep. 539.]

4. It was not denied that if the jury entertained a reasonable doubt as to defendant's guilt, they should have acquitted him; but it was insisted that the charge given, prevented injury, from the refusal to charge as prayed. [2 Phil. Ev. C. & H. Notes, 460; 12 Wend. Rep. 82; 5 Ala. Rep. 477, State v. Flanigan.]

COLLIER, C. J.—1. Archbold, in his work upon criminal pleading, furnishes the form of an indictment against the receiver of stolen goods, as a substantive felony in which no allusion is made to the principal felon, either by mentioning his name or alleging that it was unknown to the grand jury [page 233.] In Rex v. Jervis, [6 C. & P. Rep.] it is said not to be necessary to

state by whom the larceny was committed; and if averred, it is not necessary to state that he has been convicted. [See also, Rex v. Baxter, 5 T. Rep. 83.]

In The People v. Caswell, [21 Wend. Rep. 86,] the defendant was charged with having feloniously received of an ill-disposed person, to the grand jurors, known as D. B. a cow, the property of, &c.; the jury found the defendant guilty of feloniously receiving the cow, knowing her to have been stolen, without finding who was the thief. The court said, "the single question is, whether it be material in making out the crime of receiving goods, that the thief should be named or described. If it be material, the verdict is defective; otherwise not." Several English decisions are reviewed, which determine that where the felonious reception of stolen goods is prosecuted as a distinct felony, the name of the principal felon need not be mentioned in the indictment. or an excuse stated for the omission. It is said, "the receiving of stolen goods is, in its own nature an offence, if they be known by the receiver to have been stolen; and if directly alleged to have been stolen by A. it is difficult to conceive that the prisoner should be able to defend himself, either by proving that they were stolen by B., or the failure of the evidence for the prosecution to show a thief in particular, so long as the accused knew that they were stolen. It cannot, therefore, be an essential matter of description, that any one in particular committed the theft; and if one be named, this may be passed over as a mere circumstance."

Our statute, it is believed, goes quite as far as the statutes of England and New York to make the receiving of stolen goods a substantive felony. The sixteenth and succeeding section of the 4th chapter of the penal code are as follows:

"Every person who shall buy, receive, conceal, or aid in the concealment of any of the subjects of larceny mentioned in the preceeding sections, knowing the same to have been stolen, and with intent to defraud the owner, and be thereof convicted, shall be imprisoned in the penitentiary, not less than two, nor more than five years.

"It shall be competent to indict for the offence of buying, concealing, receiving or aiding in the concealment of money, or other property, although the principal offender may not have been tried or convicted." [Clay's Dig. 425.]

These provisions, it is believed, will not admit of an interpre-

107

tation different from what we have indicated. This being the case, it necessarily follows, that the first point made by the defendant's counsel cannot be maintained. The offence of receiving stolen goods, is not .the less distinct from that of stealing them, because the statute omits *in totidem verbis* to characterize it as a felony; for whether it be a misdemeanor or a felony, the same effect must be given to the legislative will.

2. In respect to the second objection to the indictment, we think that the money alleged to have been stolen, is not described with sufficient particularity. The general rule in respect to goods stolen is said to be this, viz: that they should be described with such certainty as will enable the jury to decide whether the chattel proved to have been stolen, is the very same with that upon which the indictment is founded, and show judicially to the court that it could have been the subject matter of the offence charged, and enable the defendant to plead his acquittal or conviction to a subsequent indictment relating to the same chattel. [2 Russell on Cri. 168.] Hence it has been held, that an indictment for stealing 10*l.* in moneys numbered is not sufficient; some of the pieces of which that money consisted should be specified. So, where the defendant was charged with stealing 10*l.* in moneys numbered, and a pair of stockings, the judgment was arrested upon the ground that the description of the property was too general. [Id. 169.] . It is also laid down, where the articles alleged to have been stolen consist of more than one, the number of the several individual things must be expressed in the indictment. [2 Hale's P. C. 182–3; 2 East's Cro. L. 777–8.]

In Stewart v. The Commonwealth, [4 Serg't & R. Rep. 194,] the indictment charged the larceny of sundry promissory notes amounting to the sum of eighty dollars; and the defendant being convicted, the judgment was reversed, because the indictment should have described the notes with more particularity, and should also have alleged that the money was unpaid on them. So, an indictment for stealing twenty ewes and lambs, without stating how many of each, has been held bad for generality of description. [3 Bac. Ab. 560.]

Even a declaration in trespass for taking fish, &c., or divers goods and chattels, without specifying the number or quality, has been considered too general. [1 Chitty's Plead. 3d Am, ed. 260.] So, where the plaintiff stated that he was the owner and

legal possessor of $2000 worth of personal property, the declaration was held bad after verdict. [Phelps v. Sill, 1 Day's Rep. 315.]

The authorities cited very satisfactorily show that the indictment should have stated the number and denomination of the coins alleged to have been stolen. The allegation might have been thus made; after charging the larceny of the aggregate sum in dollars, continued, to wit: —— dollars —— pieces of fifty cents, &c., amounting iu all to the sum aforesaid.

Now, although the law requires the denomination and number of coin to be stated in the indictment, it is not equally strict in its requisition as to the proof. The prosecutor is not bound to prove that the defendant received the exact number of the coin alleged to have been stolen; but if he proves the receipt of either of them under the circumstances stated in the indictment, it will be sufficient to authorize a verdict of guilty. [Com. Dig. tit. Indictment, (G. 5); The King v. Johnson, 3 M. & S. Rep. 548.]

3. It is insisted that the indictment does not charge the offence which the statute creates, and that the defendant cannot be visited with the punishment which it denounces. The terms used in the act are, "buy, receive, conceal, or aid in the concealment of," &c., while the indictment only employs "receive" and "conceal." We think it clear from the manner in which the sentence is framed, as well as from the subject matter, that the disjunctive "or" applies to each of the three verbs which precede it; and instead of the section in question prescribing but two, it makes four distinct offences where "any subject of larceny" shall go into the hands of a third person under the circumstances mentioned. To "buy" is one, to "receive" another, to "conceal" a third, and "to aid in the concealment," is a fourth. This being the case, it follows that the third objection is not well taken, and that the indictment, instead of being too limited in its averments, states more than was really necessary; but this, it is conceived, in a case like the present, cannot prejudice the case of the State.— [See 15 Pick. Rep. 273.]

4. The allegation that the money was received and concealed with the intent to defraud "the owner," is insufficient—the name of the person to whom it belonged had been before stated, and the term, "owner," pointed directly to him.

5. Every one charged with the commission of an offence

against the law, is presumed innocent until his guilt is established, and the evidence to induce conviction should not be a mere preponderance of probabilities; but it should be so convincing as to lead the mind to the conclusion, that the accused cannot be guiltless. If, after subjecting the facts to the test of reason, there is still a doubt as to his guilt, it is the duty of the jury to acquit; but a mere misgiving of the imagination, suggestion of ingenuity, or sophistry, or misplaced sympathy, is not a reasonable doubt to which the law accords any influence. The rule which we have stated as to the conclusiveness of proof applies as well to a case like the present as to one that the law visits with capital punishment; and the distinction made in the charge of the circuit judge is not defensible. Conceding that the part of the charge that follows is correct, and still it does not expurgate the preceding portion of it.

It follows from what has been said that the judgment of the circuit court is erroneous. It is consequently reversed, and the defendant ordered to remain in custody to abide further proceedings against him, or until he be otherwise legally discharged.