# Coleman *v.* The State.

## *Indictment for Carrying Concealed Weapons.*

1. *A preponderance of probabilities will not sustain a conviction.*—On a trial of a criminal offence, it is error to refuse a charge asked in writing, "that the defendant is presumed to be innocent until his guilt is established, and the evidence to induce or authorize a conviction should not be a mere pre-ponderance of probabilities, but should be so strong and convincing as to lead the mind to the conclusion that the accused can not be guiltless."

2. *The cases of Murphy v. State and Mose v. State approved.*—Such a charge uses almost the identical language employed by the court in *Murphy v. The State* (6 Ala. 845); and the same principle is declared, in different language, in *Mose v. The State* (36 Ala. 845). These two statements of one and the same principle have long stood as guides, and can not be questioned.

3. *The law requires moral, not mathematical certainty.*—When a charge embodying the principle of these two decisions is requested, the court should give it; and then in a distinct charge should instruct the jury that it is moral, not mathematical certainty of proof, which the law requires.

4. *A reasonable doubt is properly defined.*—The court approves the defini-tion of a "reasonable doubt" which will justify an acquittal, given in *Mose v. The State,* and must not be understood as qualifying the doctrine there declared.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

The defendant was indicted for carrying a pistol concealed about his person. He was arraigned, and pleaded "not guilty."

[Coleman v. The State.]

The defendant was, on some night in July, 1877, at a political meeting held at Grattan's store, in Montgomery county. At that time and place, he drew from behind his person a pistol, which was worn beneath his coat. Until it was drawn, the pistol was entirely concealed from observation. There was one witness who swore the defendant did not draw the pistol, but it was handed to him by some person in the crowd.

The defendant asked the court to give this charge, in writing: "In all criminal cases, the defendant is presumed to be innocent, until his guilt is established, and the evidence to induce or authorize conviction, should not be a mere preponderance of probabilities, but should be so strong and convincing as to lead the mind to the conclusion that the accused can not be guiltless." The court refused to give the charge, and the defendant excepted.

JOHN GINDRAT WINTER, for the appellant.

JOHN W. A. SANFORD, Attorney-General, contra.

STONE, J.—In the case of The State v. Murphy, 6 Ala. 845, the question was, whether the same measure of proof was required to justify a conviction of misdemeanor, as was required in cases of felony. This court ruled, that it was. In expressing its opinion, the court employed the following language: "Every one, charged with the commission of an offence against the law, is presumed innocent, until his guilt is established; and the evidence, to induce conviction, should not be a mere preponderance of probabilities; but it should be so convincing as to lead the mind to the conclusion that accused can not be guiltless."

So, in Mose v. The State, 36 Ala. 211, this court ruled that a charge asked, in the following language, should have been given, namely: "That unless the evidence against the prisoner should be such as to exclude to a moral certainty every hypothesis but that of his guilt of the offence imputed to him, they must find him not guilty."

These two statements of one and the same principle have stood as guides, and without material impairment, for many years. We have no intention now to question them. They are but strong expressions of that full measure of proof which the law exacts, before it will sanction a conviction of a criminal offence. But, given nakedly, and without explanation, we fear they may, and sometimes do, produce an erro-

neous impression on the minds of the jury. The rule is not so severe as to deny conviction, "unless the evidence should be such as to exclude to a moral certainty every *possible* hypothesis but that of guilt."—See *Mose v. The State, supra.* Human testimony is rarely so clear and full, as to exclude conjectured, divergent possibilities. Neither does mathematical certainty, or physical impossibility, define the rule. Conviction, resting on human testimony, can never attain the certainty of mathematical demonstration, or repel all possible doubt of its correctness. A rule so exacting would paralyze the punitive arm of the law. "A doubt which requires an acquittal, must be actual and substantial, not mere possibility or speculation. It is not a mere possible doubt, because every thing relating to human affairs, and depending upon moral evidence, is open to some possible or imaginary doubt."

In connection with the sentence first above quoted from *Murphy's* case, the distinguished jurist delivering the opinion said, "If, after subjecting the facts to the test of reason, there is still a doubt as to his guilt, it is the duty of the jury to acquit; but a mere misgiving of the imagination, suggestion of ingenuity, or sophistry, or misplaced sympathy, is not a reasonable doubt, to which the law accords any influence." This was evidently intended by him as the complement of the rule, and was employed by him to prevent all misapprehension of the strong language he had just uttered. It shows the sense in which he used the words "*can not be guiltless;*" that is, that the guilt of the accused must be made morally certain by the evidence, and so clearly shown as to exclude every reasonable doubt; but a "misgiving of the imagination, suggestion of ingenuity, sophistry, or misplaced sympathy," one, or all of these, are not enough to require or justify an acquittal, if the proof be otherwise full, clear, and credible, and convince the jury to a moral certainty that the accused can not be guiltless. In this we but reiterate what Chief-Justice WALKER said in *Mose's* case, *supra.*

In giving the charges copied from the cases of *Murphy* and *Mose, supra,* the courts, to prevent misapprehension, should further declare to the jury, that it is moral, not mathematical certainty of proof, which the law requires; and should also give in charge the explanation of the language given by this court, in connection with each of the extracts which form the charges requested in this case. Such expla-

[Bell v. The State.]

nations should be given in distinct charges, to comply with the statutory rule.

We do not intend to be understood as qualifying the doctrine as to reasonable doubts. A reasonable doubt, to justify an acquittal, has been well defined to be, "that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of the jury in that condition, that they can not say they have an abiding conviction to a moral certainty, of the charge."—*Mose's* case, *supra;* *Webster's* case, 5 Cush. 320.

We hold that the charge asked and refused in this case should have been given.

Reversed and remanded.