# Tatum *v.* The State.

*Indictment for Selling Liquor to Person of Known Intemperate Habits.*

1. *Sufficiency of indictment.*—An indictment for selling liquor to a person of known intemperate habits, in the form prescribed by the Code (p. 998, No. 59), is sufficient, although it does not negative the requisition of a physician.

2. *Selling liquor to person of known intemperate habits; constituents of offense.* To authorize a conviction under an indictment for selling liquor to a person of known intemperate habits (Code, § 4205), it is essential that three facts shall be proved: 1st, that the defendant sold spirituous, vinous, or malt liquor to the person named; 2d, that such person was of intemperate habits; and, 3d, that the defendant had knowledge of his intemperate habits.

3. *Same; how proved.*—Neither the sale of the liquor, nor the intemperate habits of the person to whom it was made, can be proved by general character, general reputation, or general notoriety in the community; but such evidence is admissible to prove the defendant's knowledge of such intemperate habits, on the theory that what is generally known in the community is evidence, to be weighed by the jury, in determining whether it is known to the accused; yet such evidence is not conclusive.

4. *Measure of proof, and reasonable doubt.*—As to the measure of proof required in criminal cases, and the reasonable doubt which will justify an acquittal, the correct rule is laid down in the case of *Coleman v. The State,* 59 Ala. 52; and that rule applies to a prosecution for selling liquor to a person of known intemperate habits.

5. *"Intemperate habits"; what constitutes.*—"Intemperate habits," within the

meaning of the statute, can not be predicated of a person who occasionally drinks to excess. But it is not necessary to show that he is drunk every day. If sobriety is the rule, and occasional intoxication the exception, he is not within the statute ; and, on the other hand, if the habit is to drink to intoxication when occasion offers, and sobriety or abstinence is the exception—as when one is accustomed to remain sober while at home, but generally drinks to excess when in company, or when visiting the town or village—the charge of intemperate habits is sustained.

6. *To what witness may testify.*—Intemperate habits is a collective fact, to which a witness may testify, if he has sufficient knowledge ; and the person to whom the liquor was sold may himself testify whether he is or is not of intemperate habits.

7. *Same.*—A person, knowing the fact, may testify that the intemperate habits of the person to whom the liquor was sold were generally known in the neighborhood in which the sale was made.

FROM the Circuit Court of Perry.

Tried before the Hon. GEO. H. CRAIG.

The indictment in this case was found in March, 1879, and charged that the defendant, " John Tatum, before the finding of this indictment, did sell or give spirituous, vinous, or malt liquors, to John Liddell, a person of known intemperate habits ; against the peace," &c. The defendant demurred to the indictment, " because it fails to allege that the gift or sale was made without the requisition of a physician ;" but the court overruled the demurrer, and he then pleaded not guilty. The demurrer, and the ruling of the court thereon, are not noticed in any judgment-entry, but only appear from the bill of exceptions.

On the trial, as the bill of exceptions states, John Liddell was introduced as a witness for the State, and testified, that he purchased whiskey from the defendant in June, or July, 1878, and that he was the person named in the indictment as a man of known intemperate habits. On cross-examination of this witness, the defendant asked him these questions: " Did you not, in the months of June and July, 1878, and often prior to that time, come to town, having plenty of money with which to buy whiskey, and did not purchase and drink it ?" " Did you not frequently, at said time, and previous thereto, have opportunities of indulging in whiskey, and did you not decline to indulge ?" To each of these questions the counsel for the State objected, not stating any particular ground of objection, and the court sustained the objections ; to which rulings exceptions were duly reserved by the defendant. The defendant also asked the witness, "if he was, or believed himself to be, a man of intemperate habits, when he purchased the liquor ;" to which question, also, the court sustained an objection on the part of the State, and the defendant excepted. J. L. Wyatt, another witness for the State, testified, " that he knew said John Liddell, and had heard several men, prior to June, or July, 1878,

[Tatum v. The State.]

discuss his character; that he thought he knew the general character of said Liddell, as being a temperate or intemperate man; and that his character generally, in the community of Marion, was that of an intemperate man. The defendant moved the court to exclude this answer, on the ground that it was illegal and irrelevant; but the court overruled the motion, and the defendant excepted." John Howze, another witness for the State, was asked, "if he knew the general character of said John Liddell for temperance during the months of June and July, 1878, and prior to that time;" and answered, "that he thought said Liddell had two characters —when at home, he had the character of a sober, industrious man; and when in town, he had the character of being an intemperate man." The defendant objected to this question, and reserved an exception to its allowance; but no objection was made to the answer. Numerous other exceptions, of similar character, were reserved by the defendant to rulings of the court on questions of evidence; which, however, require no special notice.

The court gave an elaborate written charge to the jury, which it is unnecessary to set out at length. To the following portions of this charge exceptions were duly reserved by the defendant, a separate exception being taken to each sentence as here copied: "A man of intemperate habits is one who is in the habit frequently of getting drunk; and if it is known to the person selling him liquor, he is a man of known intemperate habits." "A man who is in the habit of getting drunk two or three times a year, is a man of intemperate habits; and if any one sells or gives whiskey to such a person, knowing (when he does so) the habits of the person to whom he sells or gives it, he is guilty, under the statute, of selling or giving to a person of known intemperate habits." "If the State has proved to your satisfaction that Liddell's character in this community, at the time of the selling or giving, was that of a man of intemperate habits, the jury may infer from such proof that the defendant knew the character of said Liddell." "If said Liddell was frequently in the town of Marion, during the time mentioned, in 1878, prior to June and July of that year, and was frequently or occasionally drunk on the street, and, while in that condition, frequently passed near the defendant's bar-room, or went into said bar-room, while in that condition; the jury may, from these facts, if they be proven, infer that defendant knew of said Liddell's intemperate habits." "This man is charged with a grave offense against the law; if he is guilty, you should assess a fine that will reform him, and prevent him from ever again breaking the laws of his country; and such

a fine as will warn others against the commission of a like offense by any one else in the community." "A refusal to enforce the law vigorously by juries, whenever the person charged with breaking it is fully proved guilty, will embolden the drunkard to drink the more, and those who sell it to him to defy the law." "If morally certain of his guilt, the jury should not hesitate to punish, and punish severely." "You will be morally certain, when you can say that his guilt is fully proved; for there can be no reasonable doubt, if guilt is fully and clearly established."

The defendant requested numerous charges to the jury, which were in writing, and some of which were given by the court as asked, while others were refused. Among the charges refused were the following: 1. "There are several material facts to be established by the State in this case; among them, that the person to whom the liquor was sold was, at the time of the sale, an habitual drunkard, and that the defendant knew this fact of his own knowledge at the sale; and unless the jury are satisfied from the evidence, beyond a reasonable doubt, that the defendant, when he sold the liquor, knew of his own knowledge that the purchaser was a man of intemperate habits, they are bound to acquit the defendant." 2. "If there is such a conflict in the testimony of the witnesses for the State and the witnesses for the defendant, as to create a reasonable doubt, whether the person to whom the liquor was sold was, at the time of the sale, an habitual drunkard, or not, the jury should acquit the defendant." 3. "If there is such a conflict between the testimony of the witnesses for the State and the witnesses for the defendant, as to create a reasonable doubt, whether the defendant, at the time of the sale, knew the person to whom he sold the liquor to be a man of intemperate habits, the jury should acquit the defendant." 4. "When witnesses for the State, and witnesses for the defendant, are of equal credibility and intelligence, and have equal opportunities of observing a certain state of facts, and they contradict each other as to those facts, these facts being material to the case; the rule of the law is, that the State has failed to make out her case, and the defendant should be acquitted." 5. "The jury may infer, from the facts that Liddell was seen by Bennett drunk twice, and by Howze two or three times, and by Lovelace three times," &c. (specifying in like manner the names and testimony of several other witnesses), "and no evidence showing whether these were the same or different occasions, that the defendant knew said Liddell was a man of intemperate habits; but, from these facts, and the further fact that said Howze, Lovelace, Wyatt and Nichols testified that said Liddell had the character of

a man of intemperate habits, the jury are not bound to infer that his intemperate habits were known to the defendant." To the refusal of these charges, with others, exceptions were duly reserved by the defendant.

BROWN & HOGUE, and W. B. MODAWELL, for the defendant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The indictment in this case pursues the given form, and is sufficient.—Code of 1876, page 998, form 59. It is framed under section 4205 of the Code, and charges that the defendant sold or gave spirituous, vinous, or malt liquors, to a person of known intemperate habits. Three essential facts must have been established to the satisfaction of the jury, beyond a reasonable doubt, to authorize a conviction: first, that there was a *sale* or *gift* of spirituous, vinous, or malt liquor; second, that the sale or gift was to a *person of intemperate habits;* third, that at the time the seller or giver *knew* the person to whom he furnished the liquor was of intemperate habits. The first and second of these essential facts must be proved as any other material facts in a criminal prosecution are proved. They can not be proved by general character, general reputation, or general notoriety in the community in which the offense is alleged to have been committed; and this species of testimony is not admissible to prove either of these constituents of the offense. Only evidential facts and circumstances can be given in evidence, in support of these two propositions. The other element of the offense falls under a different rule. Knowledge is the fact to be proved—the defendant's knowledge of the intemperate habits of the person to whom he made the sale. On this question, general reputation, general character, may be introduced in evidence.—*Stallings v. The State*, 33 Ala. 425; *Price v. Mazange*, 31 Ala. 701; *Elam v. The State*, 25 Ala. 53. Such testimony, however, is not conclusive. It is received on the theory, that what is generally known in the community—so known, as to have established a general character or reputation—furnishes evidence to be weighed by the jury, in determining whether the accused had the requisite knowledge. If, upon all the evidence, including this proof of general character, the jury are convinced, beyond a reasonable doubt, that the defendant did know the intemperate habits of the person to whom he was selling or giving the liquor, then this third element of the offense is proved according to the requirements of the law. If the proof falls short of this measure of conviction, there should be an ac-

[Tatum v. The State.]

quittal.—*Smith v. The State*, 55 Ala. 1; *Atkins v. The State*, 60 Ala. 45.

In *Coleman v. The State*, 59 Ala. 52, we stated the doctrine of reasonable doubts, and the measure of proof required in criminal cases. That rule applies in the ascertainment of every material fact, necessary to make up the defendant's guilt in this case, including the three essential elements commented on above. Each must be affirmatively shown to a moral certainty, so as to convince the jury of the truth of each, beyond a reasonable doubt.

What is meant by the expression in the statute, "intemperate habits?" Habit is defined to be, "Fixed or established custom; ordinary course of conduct."—Webst. Dic. It need not be the uniform or unvarying rule, but, to be a habit, it must be the ordinary course of conduct—the general rule or custom. It may have exceptions. Exceptions do not destroy a rule. But, unless, when occasion offers, there is a disposition, or probable inclination, to drink to excess, intemperate habits can not be predicated. If sobriety is the rule, and occasional intoxication the exception, then the case is not brought within the statute. On the other hand, if the rule or habit is to drink to intoxication when occasion offers, and sobriety or abstinence is the exception, then the charge of intemperate habits is established. Now, to make out this charge, it is not necessary that this custom shall be an every-day rule. There are persons whose custom is to remain sober while at home, and who, when in company, or visiting the town or village, generally drink to excess, although occasionally they abstain, and remain sober. In such case, drunkenness is shown to be the rule, or ordinary course of conduct; and to sell or give to such person, knowing him to be such, spirituous, vinous, or malt liquors, is a violation of the statute.—*Smith v. The State, supra.*

Intemperate habits is a collective fact, to which a witness may testify. We can perceive no reason why the person to whom the sale is alleged to have been made, should be made an exception to the rule. All persons, having sufficient knowledge, should be allowed to testify that the alleged purchaser of the liquor was, or was not, a person of intemperate habits. So, all persons knowing his general character in the premises, should be heard to testify whether his intemperate habits were, or were not, generally known in the community in which the sale or gift was made. All this is legal evidence, to be weighed by the jury. If, under these rules, the defendant is found guilty, the injury done to society, and especially to the family of the inebriate, if he has one, calls for firm, if not exemplary, administration of the law.

[Dean v. The State.]

In defining what constitutes intemperate habits, and in refusing to give some charges asked, defining the measure of proof necessary to authorize conviction, the Circuit Court erred. There may be other rulings subject to criticism, but we consider it unnecessary to specify them. What we have said will furnish a sufficient guide on another trial.

Reversed and remanded. Let the defendant remain in custody, until discharged by due course of law.