# Lane *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Charge as to sufficiency of evidence, and assertions of counsel.*—A charge asked in a criminal case, instructing the jury that "the State must prove its charge, and prove it beyond a reasonable doubt, by evidence, and the assertions of counsel are not evidence," is correct, and its refusal is error.

2. *Argument of counsel.*—Counsel should not be allowed, in argument to the jury, to state or comment on facts of which there is no evidence before them, and of which no legal evidence could be admitted; as, that the prosecutor is a "poor man," or that the defendant is in the employment of a "rich corporation."

3. *Intent as ingredient of offense.*—Intent is matter of fact, and can not be implied as matter of law; but it may be inferred from the use of a weapon or instrument calculated to produce death, or from an act of violence from which, ordinarily, in the usual course of things, death or great bodily harm may result; nor is an actual intent to kill a necessary ingredient of an assault with intent to murder.

4. *Sudden passion provoked by words, as mitigating offense.*—Mere words never reduce a homicide from murder to manslaughter, and

"sudden passion from an immediate insult" is not enough to repel the imputation of malice.

5.  *Assault defined.*—An assault is an intentional attempt to strike within striking distance, which fails of its intended effect, either by preventive interference, or by misadventure.

FROM the Circuit Court of Cherokee.

Tried before the Hon. JOHN B. TALLY.

The defendant in this case was indicted for an assault on Thomas J. Woodward, with intent to murder him; one count charging that the assault was made with an iron weight, and another that it was made with a pistol.   On the trial, as the bill of exceptions shows, it appeared that Woodward, the prosecutor, was hauling iron ore to or for the Bass Furnace Company, in whose employment the defendant was; and it was the defendant's duty to weigh the ore as delivered at the scales.   On the delivery of a load by the prosecutor, he became involved in an altercation with the defendant about the weight, and was ordered out of the office by the defendant; and as he drove off, he testified, the defendant followed him, threw an iron weight at him, which knocked him down, and then presented a pistol, and threatened to shoot him.   On the part of the defense, several witnesses testified to threats made by the prosecutor previous to the difficulty, based on the charge that the defendant had not allowed him proper weights for ore hauled; and two or more witnesses for the defense testified, that the defendant did not point his pistol towards the prosecutor, and that no one interfered to prevent him from shooting, if he had desired to do so.   It is not necessary to state the particulars of the difficulty, as detailed by the several witnesses, nor the exceptions reserved by the defendant to the rulings of the court on questions of evidence.

The prosecuting attorney, in his opening argument to the jury said: "This poor old man, toiling and hauling iron ore for his bread, is not even permitted to look at the scales when his ore is weighed.   When it comes to this, gentlemen of the jury, that a poor laboring man, hauling ore to a rich corporation, or to anybody else so far as that is concerned, can not look at the beam, that he may know he gets just weights, and must be knocked down with an iron weight when he does do it, then farewell to liberty and rights."   To this statement of counsel the defendant objected, and moved to exclude it from the jury; and he excepted to the overruling of his motion.   A similar objection was made, and ex-

[Lane v. The State.]

ception reserved, to another statement of the solicitor, in his closing argument to the jury.

The defendant requested numerous charges to the jury, and duly excepted to the refusal of each. Among these charges were the following: (1.) "The intent can not be implied as matter of law, but must be proved as matter of fact." (2.) "The Sate must prove its charge, and prove it beyond a reasonable doubt, by evidence. The assertions of counsel are not evidence." (3.) "The jury must believe from the evidence, beyond a reasonable doubt, that the defendant intended to murder Woodward, before they can find him guilty as charged in the indictment." (4.) "If, from all the proof, it is shown that the defendant, in the heat of passion from an immediate insult, threw an iron weight at Woodward, with no intention to kill him, then they must acquit him." (5.) "Sudden possion, upon an adequate provocation, may deprive an assault of its felonious intent." (6.) "An assault is an attempt to strike another, in striking distance, which, if not prevented, would result in a battery." (7.) "In determining whether the defendant committed an assault with intent to murder, the jury can look to the fact that no one was near him." (8.) "In order to constitute an assault with intent to murder, the proof must show that the defendant intended to commit murder by the assault."

WALDEN & SON, for the appellent, cited the following authorities: *E. T., Va. & Ga. Railroad Co. v. Carloss*, 77 Ala. 443; *Simpson v. State*, 59 Ala. 10; *Walker v. State*, 46 Ala. 398; *Washington v. State*, 53 Ala. 29; *Smith v. State*, 83 Ala. 27; *Allen v. State*, 52 Ala. 391; 46 Ala. 195.

THOS. N. McCLELLAN, Attorney-General, for the State.

STONE, C. J.—The defendant presented the following written charge, and asked that it be given to the jury: "The State must prove its charge, and prove it beyond a reasonable doubt by evidence. The assertions of counsel are not evidence." This charge ought to have been given. *Coleman v. State*, 59 Ala. 52; *Tatum v. State*, 63 Ala. 147.

There was certainly no evidence that the Bass Furnace Company, or Woodward, the prosecuting witness, was either rich or poor. Such testimony, if offered, would have been illegal. Counsel, in argument, should not have been allowed to comment on the one as rich, and the other as poor.

*Cross v. State,* 68 Ala. 476; *Com. Fire Ins. Co. v. Allen,* 80 Ala. 571.

It is true that intent is matter of fact, and can not be implied as matter of law. It may be, and frequently is, inferred from the employment of an instrument or weapon calculated to produce death, or from an act of violence, from which, ordinarily, in the usual course of events, death or great bodily harm may result.—*Harrington v. State,* 83 Ala. 9. Charges asked, seeking to raise this question, were calculated to mislead, and were rightly refused on that account. So, the charges which assert that an actual intent to kill is a necessary ingredient of the offense charged, are equally faulty.

"Sudden passion from an immediate insult," is not enough to repel the imputation of malice. Mere words never reduce a homicide from murder to manslaughter.

An assault is an intentional attempt to strike within striking distance, which fails of its intended effect, either by preventive interference, or by misadventure.

There is nothing in the other questions presented.

Reversed and remanded.