# Jones *v.* The State.

*Indictment for Selling or Giving Liquor to Person of Known Intemperate Habits.*

1. *Arrest without warrant.*—Officers who by virtue of their offices are conservators of the peace, may arrest, without a warrant, all persons who are guilty of a breach of the peace or other violations of the criminal laws in their presence, or for such acts as threaten a violation of a general law or a municipal ordinance.

2. *Selling or giving liquor to person of known intemperate habits.* To authorize a conviction under Code of 1886, § 4038, for selling or giving spirituous, vinous or malt liquors to a person of known intemperate habits, it is essential to prove beyond a reasonable doubt, 1st a sale or gift, 2nd to a person of intemperate habits, and 3rd knowledge, in the seller or giver, of such intemperate habits.

3. *Measure of proof in criminal cases.*—The two phrases "beyond a reasonable doubt," and "to a moral certainty" are the legal equivalents of each other.

4. *Charge of the court.*—Charges should be varied in their phraseology so as to accommodate them to the tendencies of the testimony; hence, on a trial for selling or giving spirituous, vinous or malt liq-

[Jones v. The State.]

uors to a person of known intemperate habits, there being nothing in the testimony to prove a gift, it is not necessary to include that inquiry in the hypothesis of a charge.

5. *Same: as to sale of liquor to person of known intemperate habits.*— On a trial under an indictment for selling or giving spirituous, vinous or malt liquors to a person of known intemperate habits, a charge expressing as one of the essentials to a conviction that the defendant knew at the time of the sale that the person to whom the sale was made was a man of *known* intemperate habits is misleading and liable to confuse—and is properly refused by the court—since it was only necessary the seller should have such knowledge and not neccessary that the intemperate habit had become known to others or to the public.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN R. TYSON.

The defendant was tried and convicted under an indictment for "selling or giving spirituous, vinous or malt liquors to Bill Turner, a man of known intemperate habits, and not upon the prescription of a physician."

The sale charged in the indictment was admitted by the defendant, but there was conflict in the testimony as to whether the person to whom the sale is alleged to have been made was a person of known intemperate habits—there was no testimony tending to show a gift of spirituous, vinous or malt liquors by the defendant to said Turner.

The defendant requested the court in writing to give the following charge : "The court charges the jury that before they can find the defendant guilty they must believe three things to a moral certainty and beyond a reasonable doubt. 1st. That the defendant sold the liquor to Mr. Turner. 2d. That Mr. Turner was a man of known intemperate habits. 3d. That the defendant knew at the time of the sale to Mr. Turner that Turner was a man of known intemperate habits, and I charge you that if the State has not proven these three things to a moral certainty and beyond a reasonable doubt, then you must find the defendant not guilty." The court refused to give this charge and to such refusal the defendant duly excepted.

WM. L. MARTIN, Attorney-General, for the State.

GAMBLE & BRICKEN for the defendant.

STONE, C. J.—Defendant was indicted for "selling or giving spirituous, vinous or malt liquors to Bill Turner, a man of known intemperate habits, and not upon the prescription of a physician." Code of 1886 § 4038. Bill Turner was on the stand as a witness for the prosecution, and

[Jones v. The State.]

was asked, "Have you not been frequently arrested by the marshal of the town of Luverne, here, for getting drunk?" This question was objected to by the defendant, the ground stated being that "there is better evidence of the fact, if it be a fact." The objection was overruled, the witness required to answer and the defendant excepted."

It is not shown in the record that any warrant or written authority was necessary to authorize the marshal of the town to arrest an offender against the by-laws of the corporation, who was in the actual commission of such offense in his presence. It is alike the law and common knowledge that such officers may arrest without warrant, either to preserve peace and good order or to prevent a threatened violation of the law." Officers, who by virtue of their office are conservators of the peace, have at common law the right to arrest without warrant all persons who are guilty of a breach of the peace, or other violations of the criminal laws in their presence." 1 Amer. & Eng. Encyc. of law 734, and citations. The officer may arrest upon seeing such acts as show a reasonable ground for making the arrest; and an act done in his presence which is violative of a general law, or of a municipal ordinance, or, which reasonably threatens such violation, authorizes arrest without warrant. *Ib*; *Com. v. Cheney*, 141 Mass. 102; *O'Conner v. Bucklin*, 59 N. H. 589. But this question is expressly settled by statute in this State. Code of 1886, § 4260; *Martin v. State*. 89 Ala. 115; *Hayes v. Mitchell*, 69 Ala. 452. There is nothing in this exception.

The bill of exceptions affirms that it contains all the testimony bearing on the questions raised. Defendant himself testified that he made the sale to Bill Turner for which he was indicted, and there was no testimony from any quarter tending to show a gift of "spirituous, vinous or malt liquors" to Bill Turner. So, if the defendant had, in this transaction, violated the general statute, it was by a sale, not by a gift. The contested questions before the jury were, whether Bill Turner was a man of intemperate habits, and whether knowledge of that habit was sufficiently carried home to the defendant.

In *Tatum v. State*, 63 Ala. 147, we declared what were the constituents of this offense : a sale or gift, to a person of intemperate habits, and knowledge in the seller or giver of such intemperate habits. These three facts must be proved, to authorize a conviction. See also *Smith v. State*, 55 Ala. 1; *Collins v. Jones*, 83 Ala. 365 ; *Lane v. State*, 85 Ala. 11. We also declared the measure of proof which the law requires,

VOL. O.

before conviction of a criminal offense can be had. The jury must be convinced beyond a reasonable doubt. Such is the rule in all criminal prosecutions, from the highest to the lowest. *Coleman v. State,* 59 Ala. 52; *Childs v. State,* 58 Ala. 349; *Tatum v. State,* 63 Ala. 147; *Farrish v. State, Ib.* 164; *Wharton v. State,* 73 Ala. 366; *McElvoy v. State,* 77 Ala. 95; *Kidd v. State,* 83 Ala. 58; *Lane v. State,* 85 Ala. 11; *Riley v. State,* 88 Ala. 188; *Little v. State,* 89 Ala. 99; *Pierson v. State,* 99 Ala. 148. And in several of these rulings we have declared that the two phrases, "beyond a reasonable doubt," and, "to a moral certainty," are the legal equivalents of each other.

As we have said, there was neither proof nor pretense that the transaction out of which this prosecution grew was a gift. Charges should be varied in their phraseology, so as to accommodate them to the tendencies of the testimony. There being nothing in the testimony tending to prove a gift, it was not necessary to include that inquiry in the hypothesis of the charge. If there was no sale there was no testimony that could lead to a conviction.

Charge No. 1, asked by defendant, was refused by the court, and the refusal excepted to. Did the court err in this?

The third constituent of the offense charged in this case, as we classified them in the *Tatum* case, *supra,* is "that, at the time, the seller or giver *knew* the person to whom he furnished the liquor was of intemperate habits." His, the dealer's, knowledge was and is the essential inquiry in this aspect of the question. *His* knowledge made good this part of the charge, whether any one else knew it or not. This third element, or constituent of the offense, as expressed in the charge requested, is in this language: "3rd. That defendant knew at the time of the sale to Mr. Turner that Turner was a man of known intemperate habits." The word *known* in this sentence is out of place. It was only necessary that the seller should have such knowledge to constitute his guilt. Employed as it was, it was calculated to create the impression that it was necessary that this intemperate habit had become known to others, or to the public, before the seller could be found guilty of selling to a person of intemperate habits. The charge was liable to confuse, was calculated to mislead, and was rightly refused.

There is no error in the record.

Affirmed.