# Webb v. The State.

### *Indictment for Grand Larceny.*

1. *Larceny; sufficiency of judgment and sentence.*—Where, on a trial under an indictment for grand larceny, the jury returns a verdict of "guilty as charged in the indictment," and the judgment entry, after reciting the return of this verdict, orders that the defendant be remanded to jail to await the further action of the court, and that the State, for the use of the county in which he was convicted, recover of the defendant the costs of the prosecution, and the sentence of the court announced on a later day of the term, after reciting that the defendant had been found guilty of the crime of grand larceny, continues: "It is therefore considered by the court, and is so adjudged, that you perform hard labor for the county," &c., such

[Webb v. The State.]

judgment entry and sentence is valid and sufficient; and an amend-ment of the sentence, so as to make it read: "It is therefore con-sidered and is so adjudged that you are guilty of grand larceny, and it is further considered and adjudged that you perform hard labor for the county," &c., adds nothing to its sufficiency or validity, al-though it makes the judgment and sentence fuller and more com-plete.

2. *Evidence of good character; charge to the jury.*—In criminal cases, evidence of defendant's good character, when considered in connec-tion with the other evidence in the case, may generate a reasonable doubt of his guilt; but a charge which instructs the jury that "the defendant may, in all cases, whether felony or misdemeanor, prove his good character, not only when a doubt exists on the other evi-dence, but even to generate a doubt of his guilt; and if the 'defen-dant in this case has proved a good character, the jury may consider this fact in his favor, and may, if it raises a reasonable doubt of his guilt, give him the benefit of this doubt and acquit him," is properly refused, as misleading, in that it authorized a conclusion that if the evidence of the defendant's good character, taken by itself, generated a reasonable doubt of his guilt, the jury should ac-quit him, although they might, at the same time, have found from all the evidence before them, notwithstanding his good character, the defendant was guilty beyond a reasonable doubt,

3. *Reasonable doubt; charge to the jury.*—A charge which instructs the jury in a criminal case that the "evidence sufficient to convict shall not be a mere preponderance of probabilities, but should be so convincing as to lead the mind to the conclusion that the accused can not be guiltless; and if, upon the whole evidence the guilt of the de-fendant is not established to a moral certainty, the jury must find him not guilty," is not only misleading, but asserts an incorrect pro-position of law, in that it requires the jury, before they can convict, to believe beyond a reasonable doubt, not only that the defendant committed the offense charged, but that he can not be innocent of the offense. (*Murphy v. State*, 6 Ala. 45; *Mose v. State*, 36 Ala. 211; *Coleman v. State*, 59 Ala. 59, overruled in so far as they conflict with this proposition.)

4. *Larceny; recent possession of stolen goods; charge to the jury.*—On a trial under an indictment for larceny, a charge which instructs the the jury that "it is not every or any possession of stolen goods by the defendant which would authorize the inference of his complicity in the crime of larceny, nor in fact every such unexplained posses-sion," is erroneous and properly refused, as implying that no posses-sion of stolen goods will authorize the inference of guilt, even in the absence of explanation.

APPEAL from the City Court of Mobile.
Tried before the Hon. O. J. SEMMES.

[Webb v. The State ]

The appellant was indicted, tried and convicted for grand larceny.

The testimony for the State tended to show that the defendant was guilty as charged. The testimony for the defendant tended to show that he did not intend to steal the calf, for the larceny of which he was charged; but that he carried it to the market and sold it at the request of the ·owner's son. There was also evidence that the defendant had a good character for honesty.

In addition to the charges asked by the defendant, and to the refusal to give each of which the defendant separately excepted, which are copied in the opinion, there was also the following: "The defendant may, in all cases, whether felony or misdemeanor, prove his good character, not only when a doubt exists on the other evidence, but even to generate a doubt of his guilt, and if the defendant in this case has proved a good character, the jury may consider this fact in his favor, and may, if it raises a reasonable doubt of his guilt, give him the benefit of this doubt and acquit him."

Upon the return of a verdict of guilty, the following judgment entry was made: "This day came the State of Alabama by its solicitor and the defendant with his counsel, and said defendant was arraigned on an indictment charging him with the crime of grand larceny, to which charge he pleaded not guilty; thereupon came a jury of good and lawful men, to-wit, John R. Vidmer and eleven others, who being duly empannelled and sworn, according to law, who having heard the evidence and the charge of the court, say on their oaths, 'We the jury find the defendant guilty as charged in the indictment,' it is ordered that said defendant be remanded to jail to await the further action of the court, and that the State of Alabama, for the use of Mobile county, recover of said defendant the cost of said prosecution." This entry was made on December 20, 1894. At the same term of the court, the following sentence was pronounced by the court upon the defendant: "This second day of February, 1895, came the State of Alabama by its solicitor, and the defendant was brought into court to receive sentence upon a conviction had against him for the crime of grand larceny, and said defendant being asked by the court if he had anything to say why the sentence of the law should not be passed upon him, he

[Webb v. The State.]

replied he had not; it is therefore considered by the court, and is so adjudged that you are guilty of grand larceny and it it is further considered and adjudged that you perform hard labor for the county of Mobile for the term of one year; it is further ordered that the execution of this order be stayed until passed upon by the supreme court of the State of Alabama." The words, "are guilty of grand larceny, and it is further considered and adjudged that you," were inserted by amendment after the sentence had been made against the objection and exception of defendant.

LESLIE B. SHELDON, for appellant.—The sentence imposed by the court in this case is void, because it did not declare what offense the defendant had been convicted of.

The court erred in refusing to give the charge requested by the defendant, in which he sought to state the measure of belief of the defendant's guilt, necessary for the jury to entertain in order to convict the defendant. This was a good charge and should have been given.—1 Brick. Dig., 604, 808 ; State v. Murphy, 6 Ala. 845 ; State v. Newman, 17 Ala. 69.

The court erred in refusing to give the charge in reference to a reasonable belief being created by the proof of good character.—3 Brick. Dig. 291 ; Armor v. State, 63 Ala. 173 ; Drake v. State, 51 Ala. 30 ; Felix v. State, 18 Ala. 720 ; Harrison v. State, 37 Ala, 154 ; Dupree v. State, 33 Ala. 380 ; Hall v. State, 40 Ala. 698.

WILLIAM C. FITTS, Attorney-General, for the State.—The character charges were defective in that they did not require the jury to take into consideration the other evidence in the case.—Johnson v. State, 102 Ala. 1; Johnson v. State, 94 Ala. 35 ; Pate v. State, 94 Ala. 14.

The charge as to a recent possession of stolen property was erroneous.—Grant v. State, 97 Ala. 35 ; Johnson v. State, 102 Ala. 1.

McCLELLAN, J.—The point raised by the appellant as to the sufficiency and validity of the judgment entry and sentence in the court below has been adjudged against his contention in the case of Wilkinson v. State, ante, p. 23.

[Webb v. The State.]

In a given case proof of the defendant's good character when considered alone might generate a reasonable doubt of his guilt, while the other evidence in the case would entirely remove the doubt which in the absence of it would arise on a consideration of good character. The charge on this subject refused to the defendant had a manifest tendency to mislead the jury to the conclusion that if the fact that the defendant sustained a good character taken by itself generated a reasonable doubt of his guilt they should acquit him though they might at the same time have found from all the evidence before them that the defendant was guilty beyond a reasonable doubt, the circumstance of his good character to the contrary notwithstanding. This charge was properly refused.— *Pate v. State*, 94 Ala. 14; *Johnson v. State, Ib.* 35; *Johnson v. State*, 102 Ala. 1; *Grant v. State*, 97 Ala. 35; *Thomas v. State, ante*, p. 19; *Goldsmith v. State*, 105 Ala. 8.

The defendant requested the following charge: "I charge you, that every one charged with the commission of an offense against the law is presumed to be innocent until his guilt is established, and the evidence sufficient to convict should not be a mere preponderance of probabilities; but should be so convincing as to lead the mind to the conclusion that the accused can not be guiltless, and if upon the whole evidence the guilt of the defendant is not established to a moral certainty the jury must find him not guilty." A charge in this language was refused to the defendant in the case of *Murphy v. State*, 6 Ala. 845, and again in the case of *Coleman v. State*, 59 Ala. 52; and in each of these cases the charge was held to be good and the action of the court, refusing to give it to the jury, erroneous. In *Mose v. State*, 36 Ala. 211, the trial court refused the following charge requested by the defendant: "That unless the evidence against the prisoner should be such as to exclude to a moral certainty every hypothesis but that of his guilt of the offense imputed to him, they must find him not guilty;" and it was held on appeal that this instruction was a correct statement of the law and should have been given. Speaking of this charge and the one under consideration taken from the cases of *Murphy* and *Coleman, supra*, it was said in the latter case: "These two statements of one and the same principle have stood as guides, and without

[Webb v. The State.]

material impairment, for many years. We have no intention now to question them. They are but strong expressions of that full measure of proof which the law exacts, before it will sanction a conviction of a criminal offense. But given nakedly, and without explanation, we fear they may, and sometimes do, produce an erroneous impression on the minds of the jury;" and, after explaining these charges and quoting what was said by the court in *Murphy's* and *Mose's* cases in explanation and qualification of these instructions, the opinion concludes on this point as follows: "In giving the charges copied from the cases of *Murphy* and *Mose, supra,* the courts, to prevent misapprehension, should further declare to the jury, that it is moral, not mathematical, certainty of proof, which the law requires; and should also give in charge the explanation of the language given by this court, in connection with each of the extracts which form the charges requested in this case."—*Coleman v. State,* 59 Ala. 52. It thus appears that this court condemned both these instructions as tending to mislead, and it would seem to logically follow that their refusal by the trial court was not error even under the view taken of them in *Coleman's Case.* However that may be, the charge taken from *Mose's Case,* and said in *Coleman's Case* to state the same principle as that embodied in the charge we are now considering, has been repudiated by this court, not merely as misleading, but as affirmatively bad in that it requires to conviction—not moral certainty to the exclusion of every *reasonable* hypothesis but that of defendant's guilt, but— that *every* hypothesis, however unreasonable or speculative, and whether amounting to only a mere possibility or not, must be excluded.—*Blackburn v. State,* 86 Ala. 595; *Little v. State,* 89 Ala. 102; *Garrett v. State,* 97 Ala. 18, 27, and cases cited.

The charge we have here is open to precisely the same objection. It requires of the jury, before a conviction can be had, belief beyond a reasonable doubt, not only that the defendant committed the offense charged, but further that he *cannot* be innocent of the offense, which is to say that it is *not possible* for him to have committed the crime. This is a degree of certainty which is beyond attainment on human testimony, and which the law does not require. This charge was condemned as

[Washington v. The State.]

misleading—and hence held to have been well refused— in *McKleroy v. State*, 77 Ala. 95, where the criticism passed upon it in *Coleman's Case* was carried to its legitimate result; and we now go further and hold that the proposition it asserts is unsound as well as misleading. The jury need never find that the defendant cannot be innocent; but if they believe his guilt beyond a reasonable doubt, they should convict although it *may be* he is innocent, and although they cannot affirm that he cannot be guiltless.—*Pate v. State*, 94 Ala. 14; *Gilmore v. State*, 99 Ala. 154.

This charge was refused to the defendant: "It is not every or any possession of stolen goods by a defendant which will authorize the inference of his complicity in the crime of larceny, nor, in fact, every such unexplained possession." It will suffice to say of this charge that it may well be understood to mean that *no* possession of stolen goods will authorize the inference of guilt even in the absence of explanation, which, of course, is not the law, and to have given it here would have been especially injurious because the defendant's *recent* possession of the property stolen was clearly shown.

The last charge refused to the defendant—"Good character is admissible in this case to generate a reasonable doubt"—was bad on considerations adverted above.

Affirmed.