# Morris *v.* The State.

*Indictment for Arson.*

1. *Kerosene oil; proof of finding near the burning; admissible in arson.*—There was no error in permitting the State to prove in a prosecution for arson that about 100 feet from the house that was burned, "a half pint flask was picked up that had kerosene oil in it;" nor was there error in admitting in connection with this proof, a statement by the witness that "it had been about "half full of something like bluing." It was, standing alone, simply a fuller description of the flask found which contained the kerosene. But if the State proved afterwards that a short time before the burning the wife of the defendant had the same flask with water and bluing in it, the statement mentioned became important as a criminating circumstance.

2. *Tracks; comparison of.*—Where on a trial for arson it is shown that there were tracks about the building which had been burned, and which were traced towards and near the defendant's house, and that a pair of shoes was found under a bed which the defendant said was his, it is competent to further show that a track was made with these shoes and compared with the track found near the house, and that they were the same in length and breadth.

3. *Contradictory statements of defendant.*—Where a defendant has admitted that a pair of shoes found in his house were his, it is competent to prove, as a contradictory statement, that the defendant swore on his preliminary examination that the shoes were not his, but the property of another man who had left them for him to work on.

4. *Statement of defendant showing motive admissible.*—While the State is not called on to prove motive, it is competent for the State to prove declarations of the defendant made about three weeks before the commission of the offense charged against

[Morris v. The State.]

him, which tend to show that he had a motive for committing the offense.

5. _Arson; what constitutes malice in._—"Malice is a necessary ingredient in arson, though its presence need not by specifically proven; it will be presumed by the law from the willfulness of the act." Arson is not a crime involving any specific intent in addition to the act done. The intent to burn is the only intent required and that is necessarily implied in the act unless some excuse such as accident appears. The burden is on th·edefendant to negative or destroy the presumption of malice.

6. _Possibility of defendant's innocence is not reasonable doubt._—The jury need never find that the defendant cannot be innocent. There might be a possibility of defendant's innocence, and yet from the whole evidence no reasonable doubt of his guilt.

7. _Charges when should be refused._—A charge which is a mere argument, or which is abstract, or which is calculated to confuse and mislead is properly refused.

8. _Measure of proof; not required to be stronger in circumstantial than direct evidence._—The law does not require a stronger measure of proof for conviction under circumstantial than under what is termed positive proof, but the same measure in each case whether the evidence satisfies the mind of the jury of guilt beyond reasonable doubt.

APPEAL from Bullock Circuit Court.

Tried before Hon. A. A. EVANS.

The defendant was convicted of arson in the first degree for burning an inhabited dwelling which was the property of T. O. Smith. The evidence was circumstantial, and the circumstances proven are set out in the opinion. About three weeks before the burning the defendant declared that "he was done with Mr. Smith and was not going to have any more to do with him, or let anybody else if he could help it." This evidence was admitted as tending to show motive. In connection with this evidence it was proven that the defendant had lived in the house, but that a short time before the burning Smith had contracted with another to work with him and to occupy the house; and that this person had moved some of his things to the house and had slept there one night.

HARALSON, J.—1. There was no error in allowing it to be shown, that about 100 feet from the house that

was burned, a half pint flask was picked up that had kerosene oil in it, *and that it had been about* half full of something *like bluing.* The italicized portion of this evidence was alone objected to. There was no error in admitting it. It was, standing alone, simply a fuller description of the flask found, which contained kerosene, which evidence, it was not and could not be denied was relevant. But, the part objected to, became important as a criminating circumstance, since the State proved, afterwards, by one King, that in the summer of 1896—the house having been burned in December of that year—he was at defendant's house, and saw his wife with this same flask with water and bluing in it.

2. The evidence tended to show, that on the day the house was burned, the deputy sheriff and other parties discovered tracks thereabouts, which they traced towards and near the defendant's house; that they found a good pair of shoes under a bed, which defendant said were his, and they had a little dry dirt on them. The defendant asked the deputy sheriff, if he made a track with the shoes found at defendant's house, and answering in the affirmative, the solicitor then asked the witness, if he compared the track made with the shoe, with the one found near the house, and if so, how they compared, and he answered, they were the same in length and breadth. There was no error in allowing the question, nor in refusing to exclude it.—*Hodge v. State,* 97 Ala. 37; *Young v. State,* 68 Ala. 569; *Thornton v. State,* 113 Ala. 44.

3. The State was allowed to prove by one Smith, that the defendant swore on his preliminary examination, "that the shoes found in his house, were not in his possession on the night of the burning; that one Will Ford had them, and had left his (Will's) shoes for defendant to work on." This evidence was competent to show the contradictory statements of the defendant about the ownership of the shoes. To the deputy sheriff, who found the shoes in his house, he stated that they were his, and on his trial, he swore they were Willie Ford's. Ford testified in this connection, that he had never borrowed or worn the shoes found in defendant's house.

4. Taken in connection with all the other evidence,

[Morris v. The State.]

tending to show defendant's guilt, there was no error in allowing it to be shown by the witness, Warren, that he met the defendant in the road about three weeks before the house was burned, and he said, "he was done with Mr. Smith and was not going to have any more to do with him, or let anybody else, if he could help it." The proof showed, that defendant had, in the year 1896, up to the 15th October, lived in the house, and in December of that year, Smith had made a contract with McGrady to work with him as a farm hand in 1897, and to allow him to occupy said house, and McGrady had moved some of his things into the house, had slept in it one night, and was exercising acts of possession over it under his said contract with Smith. This evidence tended to show motive, though the State was not called on to prove it.

Arson in either one of the degrees, as defined by statute in this State, is that any person who "willfully sets fire to," or "willfully burns," the buildings mentioned, is guilty etc.—Code § § 4336-4341. To constitute the offense, it has been held, that the burning must be willful and malicious, otherwise it is not a felony, but only a trespass; therefore no negligence or mischance amounts to it. "Though malice is a necessary ingredient, its presence need not be specifically proven; it will be presumed by the law from the willfulness of the act." "The State is not bound to prove malice, or any facts or circumstances besides the unlawful burning. Malice will be presumed from the deliberation of the act. The burden is on the defendant to negative or destroy this presumption." "Arson is not a crime involving any specific intent in addition to the act done. The intent to burn is the only intent required, and that is necessarily implied in the act, unless some excuse, such as accident appears."—2 Am. & Eng. Ency. Law (2d ed.) 918, and authorities there cited; 1 McClain on Cr. Law, § 526; *Luke v. The State*, 49 Ala. 30; *Lockett v. The State*, 63 Ala. 5; *Stone v. The State*, 105 Ala. 61.

5. Charges 2, 3, 9, 10, 11, requested for defendant, were properly refused.—Authorities *supra*.

Charge 4 was properly refused.—*Dent v. The State*, 105 Ala. 14; *Grant v. The State*, 97 Ala. 35; *Wharton v. The State*, 73 Ala. 366.

[Thomas v. The State.]

The 5th was also properly refused. The jury need never find that the defendant cannot be innocent.— *Webb v. The State,* 106 Ala. 52. There might be a possibility of defendant's innocence, and yet from the whole evidence, no reasonable doubt of his guilt.—*Sims v. The State,* 100 Ala. 23; *Nichols v. The State,* 100 Ala. 23.

The 6th is a mere argument and was faulty on that account.—*Rogers v. The State,* 117 Ala. 9, 15; *Bryan v. The State,* 116 Ala. 445, 452. The 7th was abstract. There was no attempt to prove an *alibi.* Charge 8 in its first postulate, asserts a correct proposition of law. *Salm v. The State,* 89 Ala. 56; *Jones v. The State,* 100 Ala. 88; *Gilmore v. The State,* 99 Ala. 155; *Williams v. The State,* 52 Ala. 411. The latter part of the charge,— "and that there is no solution of the question (of guilt) which does not raise a reasonable doubt as to his guilt," —is not clear, and was calculated to confuse and mislead.

Charge 12 is erroneous. The law does not require a stronger measure of proof for conviction under circumstantial than under what is term positive proof, but the same measure in each case,—whether the evidence satisfies the mind of the jury of guilt, beyond reasonable doubt. It was also otherwise bad.—*Banks v. The State,* 72 Ala. 522; *Thornton v. The State,* 113 Ala. 44. The 13th was properly refused.—*Yarborough v. The State,* 105 Ala. 44; *Dent v. The State, Ib.* 14.

We find no error in the record and the judgment is affirmed.

Affirmed.