CATES, Presiding Judge.
First degree arson: sentence, life imprisonment.
The indictment Count I reads:
“The GRAND JURY of said County charge that, before the findings of this indictment, . . . CECIL DATES, whose true name is to the Grand Jury otherwise unknown, did procure the burning of a dwelling house, the property of Doris Whack, which said burning killed Edward Huntley, AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.”
Code 1940, T. 14, § 23, in pertinent part reads as follows :
“Any person who wilfully sets fire to or burns, or causes to be burned, or who aids or procures the burning of any dwelling house, or any kitchen, shop, barn, stable, or other out house within the curtilage of a dwelling house, the property of another; or any person who, with intent to defraud, sets fire to * * * the property of himself, shall be guilty of arson in the first degree, and shall, upon conviction thereof, be punished by imprisonment * * * but, if the said arson shall produce the death or maiming of any person, the punishment shall be death or imprisonment in the penitentiary for life, at the discretion of the jury.”
Code 1940, T. 15, § 259, Form [of indictment] No. 9 reads:
“A. B. willfully set fire to, or burned or caused to be burned, or aided or procured the burning (as the case may be) a dwelling house (or other building describing it), the property of C. D.; or with intent to defraud set fire to or burned, or caused to be burned, or aided or procured the burning of a dwelling house (or other house within the curti-lage of such dwelling house) the property of himself; (if it is alleged that said arson has produced the death or maiming of any person, this allegation shall be added).”
In the trial court a demurrer was filed pointing out that “wilfully” was omitted from the indictment. The demurrer was overruled.
The State argued that the adverb “wil-fully” in § 23 (and Form No. 9) only modifies the verb “set fire to” and where, as here, the charge is one of procuring a burning that wilfully is not necessary.
We do not agree. The absence of mens rea — evil mind, felonious intent — in crimes, statutory or otherwise is not lightly to be presumed. Smith v. California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205; Seattle v. Gordon, 54 Wash.2d 516, 342 P.2d 604.
*224 All the cases on arson talk of wilfulness except where the mental element is intent to defraud. With this Common Law background, we consider that the syntax of the first alternative of § 23, supra, requires as an indispensable element of the offense allegation and proof of wilfulness.[1] This to negative accident or mischance if nothing else. See 6A C.J.S. Arson § 25.
For the foregoing error of law the judgment below is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur, except De-CARLO, J., who dissents.

. For a burning to constitute arson in any degree under existing law, the burning must be willful and malicious. Tit. 14, §§ 23, 24 and 27 require the burning to be “willfully” done. In Morris v. State, 124 Ala. 44, 27 So. 336 (1899) the court held that the burning must be willful and malicious. A burning that occurs as a result of simple negligence is not sufficient. Burning by accidental or natural causes must be satisfactorily excluded to constitute proof of the crime. Colvin v. State, 32 Ala.App. 142, 22 So.2d 544 (1945).